**UNITED STATES**
v.
**TROWNSELL et al. (two cases).**
Nos. 53 CR 156, 53 CR 157.

United States District Court,
N. D. Illinois.
Nov. 18, 1953.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for United States.

Floyd Lanham and Earle C. Hurley, Chicago, Ill., for defendants.

HOFFMAN, District Judge.

The defendants have moved to dismiss the indictments in the above entitled causes and in the alternative to direct the Government to furnish the defendants with a bill of particulars.

The indictment in case No. 53 CR 156 charges a violation of Section 145(b), 26 U.S.C., by Harold C. Trownsell and Otto C. Kuehn, President and Secretary-Treasurer of Chicago Avenue Chevrolet, Inc., by wilfully and knowingly attempting to defeat and evade income taxes owing by the corporation for the year 1946 by knowingly filing a false and fraudulent tax return wherein it was stated the income of the corporation for 1946 was the sum of $25,119.26 and that the total amount of tax due thereon was the sum of $5,779.82, whereas the net income of the corporation for the year in question was the sum of $84,355.-34, upon which net income the corporation owed to the United States of America a total tax of $31,782.19.

The indictment in case No. 53 CR 157 makes a similar charge against Harold C. Trownsell and Sidney C. Trownsell, President and Vice-President, respectively, of Trownsell Chevrolet Sales, Inc., for the year 1946 in that they fraudulently filed an income tax return for the corporation wherein the income was said to be $46,153.65 with a resulting tax of $16,961.43, whereas the actual net income of the corporation was $87,-256.65, with a tax due of $33,157.53.

The motion to dismiss in each case is predicated on the following grounds: (1) The indictments fail to charge a commission of a crime; (2) The indictments are too vague and fail to state a crime; (3) They are so vague it is impossible for the defendants to plead to them; (4) The indictments are fatally defective because they state mere conclusions unsupported by allegations of fact.

Indictments framed in substantially similar form have been held sufficient by the Court of Appeals for the Seventh Circuit. In the case of Capone v. United States, 56 F.2d 927, at 931, the court said:

"But it is contended by appellant that the indictment should have specified the means by which he attempted to evade or defeat the payment of the tax. Neither the Cruikshank Case nor any other case which we have been able to find supports this contention."

To the same effect see United States v. Miro, 2 Cir., 60 F.2d 58; Guzik v. United States, 7 Cir., 54 F.2d 618, and Himmelfarb v. United States, 9 Cir., 175 F.2d 924.

The motions of the defendants to dismiss the indictments in the above entitled causes will be denied.

With respect to the alternative motions of the defendants in both cases for a bill of particulars, it may be said that the information sought is to be found in the books of the corporations which the defendants headed, and which books are subject to their inspection. In the case of United States v. Skidmore, 7 Cir., 123 F.2d 604, at page 607, the court said:

"To each of these indictments appellant moved for a bill of particulars, which the court denied. In all material instances he called for calculations based upon appellant's books of account which were in his own possession. From these it would seem clear that he could easily calculate his receipts and expenditures and thus ascertain the true amount, if any, for which he was liable for taxation. If, on the other

hand, the Government was in error as to its calculations, it would have been a simple matter for appellant to show those errors by the inspection of his own books. The general rule is that particulars such as these will not be furnished when the one seeking them is in possession of the means of ascertaining them. Moreover, in case of such motions the court is clothed with considerable discretion in making its orders. We think that discretion was not abused in this case."

And in the case of Remmer v. United States, 9 Cir., 205 F.2d 277, at page 281, it was said:

"Particular stress is placed upon the fact that the indictment did not inform him as to the source or sources of his alleged net income, the item or items making up his alleged net income, and the method or methods by which the Government computed his alleged net income. An application for a bill of particulars is one addressed to the sound discretion of the court. Our inquiry: Was that discretion abused? * * * A bill of particulars should be granted where it is thought necessary (1) to protect the defendant against a second prosecution for the same offense, or (2) to enable the defendant to adequately prepare his defense and avoid surprise at the trial. In the instant case the indictment charged that appellant filed tax returns disclosing a certain net income and tax due, whereas, in fact the net income and tax due were of a specified greater amount. It is apparent that the offense charged is sufficiently defined to protect appellant from double jeopardy. * * * Appellant was in a position to know whether the facts alleged were true. * * * The District Court in the exercise of its discretion determined that granting the requested bill of particulars would merely apprise appellant of information in the hands of the prosecution to which he was not entitled. * * * "

■■ A bill of particulars is not intended as a means to elicit evidence of the Government's case. United States v. Mangiaracina, D.C., 10 F.R.D. 415; Nye & Nissen v. United States, 9 Cir., 168 F.2d 846; Fredrick v. United States, 9 Cir., 163 F.2d 536; Vogt v. United States, 5 Cir., 156 F.2d 308; United States v. Clark, D.C., 10 F.R.D. 622; United States v. Kushner, 2 Cir., 135 F.2d 668. Barron, in Federal Practice and Procedure, Sec. 1917, states that:

"Defendants are not entitled to a bill of particulars * * * as to evidentiary matter especially when the defendant is in possession of the means of ascertaining the facts."

In United States v. Rainey, D.C., 10 F.R.D. 431, at page 433, the court said:

"In this case the defendant asks whether the income charged by the government represents a single item of undeclared net income and then the defendant asks for the date, the place, the nature of the transaction, and the source or persons from whom the defendant received the income. This would, of course, be setting forth evidence of the government, and, as stated, it is the rule that 'it is not the function of the bill to furnish accused with the evidence of the prosecution.' "

The alternative motion of the defendants in the above entitled causes for an order directing the Government to file a bill of particulars is denied. The United States Attorney is directed to bring in the defendants in both cases for arraignment and plea on or before November 25, 1953.