UNITED STATES of America

v.

Joseph F. FRANK, Joseph C. Stead, Jr.,
and Agnes Toomer, Agnes Toomer,
Appellant.

No. 13499.

United States Court of Appeals
Third Circuit.

Argued April 18, 1961.

Decided May 8, 1961.

Gilbert S. Bachmann, Wheeling, W.Va.
(Owen B. McManus, Jr., Pittsburgh, Pa.,
Andrew J. Goodwin, Wheeling, W. Va.,
on the brief), for appellant.

W. Wendell Stanton, Asst. U. S. Atty.,
Pittsburgh, Pa. (Hubert I. Teitelbaum,
U. S. Atty., W. Wendall Stanton, Asst.
U. S. Atty., Pittsburgh, Pa., on the
brief), for appellee.

Before GOODRICH, KALODNER and
STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This is an appeal from a conviction of
the defendant under the so-called "Mann
Act," 18 U.S.C. § 2422. The indictment
upon which the present defendant and
others were indicted contained two
counts. One was for the substantive of-
fense; the other was for conspiracy.
The defendant was prosecuted and con-
victed upon the conspiracy count only.

■ Various objections are made to the conviction. It is argued that the indictment is defective since it does not set out an agreement on defendant's part. There is no merit to this point. An express agreement is not necessary to prove conspiracy. Judge Staley, in a recent case in this Court, pointed out that criminal plottings are spawned in secrecy. "[I]t is an axiomatic principle of law that a conspiracy charge may be sustained on circumstantial evidence alone." United States v. Migliorino, 3 Cir., 1956, 238 F.2d 7, 9.

■ Defendant's counsel makes a very strong argument to the effect that the indictment is duplicitous. The first count charges a substantive offense only and the present defendant is not involved. Count two charges conspiracy and then adds some language which certainly is open to the construction that it charges the substantive offense of transportation in interstate commerce. We have a very strong statement on the duplicity point in United States v. Richie, 3 Cir., 1955, 222 F.2d 436. The court points out that the objection is waived unless there is a motion prior to trial to dismiss the indictment. Appellant endeavors to meet that decision by saying that the trial court here did not give any consideration to the motion to dismiss because it was not filed before arraignment and did not see fit to exercise its discretion to permit the motion to be argued within a reasonable time after arraignment. Fed.R.Crim.P. 12(b) (3), 18 U.S.C.A. But the force of the argument is completely lost because the motion to dismiss did not include any objection on the basis of duplicity. In this case the trial judge pointed out to the jury the difference between the two counts in the indictment, and further told them clearly that in considering the conspiracy count they should consider each defendant's case separately. There was no confusion.

■ In its list of overt acts the Government includes one very remarkable charge that "On or about March 25, 1959, at Pittsburgh, in the County of Allegheny, in the Western District of Pennsylvania, said Patricia Ann Kister practiced prostitution at the 26th Street Hotel, Wheeling, West Virginia." We may disregard the allegation of this extraordinary feat because there are five overt acts charged and only one has to be proved. Hall v. United States, 10 Cir., 1940, 109 F.2d 976. This was done.

■ The chief point in the case concerns a telephone call made from the defendant Stead from his apartment in Pittsburgh to one "Agnes, 26th Street Hotel, Wheeling, West Virginia." Kister was the chief Government witness and she was the one who was concerned in the transaction. But such a person is not a coconspirator even though a willing object of interstate transportation for purposes of prostitution. Gebardi v. United States, 1932, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206.

■ Kister testified that in her presence and hearing in Stead's apartment in Pittsburgh a person-to-person call was made by Stead to "Agnes," 26th Street Hotel, Wheeling, West Virginia. This "Agnes" is the defendant here. Kister could not hear what was said at the other end of the line in Wheeling but could hear and did testify to what Stead himself said. As a result of the conversation, according to the witness, arrangements were made for her to travel to Wheeling, West Virginia, and there serve as a prostitute in the defendant's "hotel." This arrangement was carried out; she did take the trip and did so serve.

The case presents on its facts a situation very similar to Cwach v. United States, 8 Cir., 1954, 212 F.2d 520. In that case the report of the telephone conversation was corroborated by the supporting evidence from the telephone company that the call was made at the time and place that it was supposed to have been made to the person who was claimed to have received it. Such corroboration would have made the Government's case easier here. But the jury was satisfied with what was submitted to it. There

were corroborative facts and evidence supporting Kister's testimony. The judge submitted the case fairly to the jury. There was no error.

The judgment of the district court will be affirmed.