**UNITED STATES of America**

v.

**Robert G. VENN et al.**

**No. 65–535–CR–TC.**

United States District Court
S. D. Florida,
Miami Division.

Oct. 12, 1966.

Nicholson, Howard, Brawner & Lovett, Miami, Fla., Bedell, Bedell, Dittmar & Smith, Jacksonville, Fla., Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., Arnold & Porter, Washington, D. C., Marchant, Perkins & Cook, Paul & Sams, Walton, Lantaff, Schroeder, Carson & Wahl, Miami, Fla., Chadwell, Keck, Kayser, Ruggles & McLaren, Chicago, Ill., Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., Sidley, Austin, Burgess & Smith, Chicago, Ill., Mitchell, Sharp & Mitchell, Vero Beach, Fla., Daniel S. Pearson, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Scott, McCarthy, Steel, Hector & Davis, Miami, Fla., for defendants.

## MEMORANDUM ORDER

CABOT, District Judge.

This is a criminal antitrust case involving ten corporate and four individual defendants.

The pretrial conference indicates that this case will be lengthy and involved, that a great number of documents are to be offered in evidence, and that there are many witnesses to testify as to multiple and complex issues. The case is before the Court on the various pretrial motions of the defendants.

The defendant, Farm Stores Processing, Inc., has moved to inspect all the recorded transcript of the Grand Jury proceedings which resulted in the return of the indictment. In addition all defendants have severally moved to inspect and copy the recorded testimony before the Grand Jury of:

(1) Those whom the Government plans to call as witnesses at trial.

(2) All directors, officers, agents and/or employees of the corporate defendants who the Government claims did any act with which the corporate defendants are charged.

(3) Bernard Stevens and Clarence Waldorf and other persons whose testimony refers to any contact between

Jerome A. Hochberg, Sinclair Gearing and John Radnay, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Stevens and Waldorf and the named defendants.

The motion is granted in part and denied in part, and provisions are made for disclosure, the purpose being to provide fairness to both sides.

 A fair trial means that the facts and issues are to be approached openly and honestly. In order to sift the wheat from the chaff in this case, maximum pretrial discovery and a clarifying organization of the thousands of documents is essential. Without it there will be no trial; there will be one long confused shuffling of words and papers. Difficult and complex trials call for liberal use of the judge's discretion in managing the trial. Consequently, this ruling is based upon the peculiar facts at bar, and makes no attempt to formulate guidelines for future rules. It is, therefore,

Ordered and adjudged that:

1. The Government will produce the Grand Jury statements of the individual defendants and of all officers, directors, agents and employees, but not former employees, of the corporate defendants, for inspection by defendants prior to trial. They are to be deposited with the Clerk of this Court by October 19, 1966, under the same provisions as set forth in the January 28, 1966, order of the Court. Authority for this ruling is founded upon: (1) the inherent power of the judge to manage a trial so as to achieve a fair and expeditious result; (2) Rule 6(e), Federal Rules of Criminal Procedure, which permits the judge to authorize the production of any Grand Jury proceedings preliminarily to trial; (3) Rule 16(a)(3), which permits production of the defendants' Grand Jury testimony prior to trial; and (4) the case of Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966).

2. The Government will advise the defendants at the end of each trial day of the names and addresses of the witnesses to be called the following day, as agreed by counsel. At that time, the Government will also produce for deposit with the Clerk and inspection by opposing counsel, the Grand Jury statements, if any, of those same witnesses, if they have not previously been produced.

3. The motion is denied as to any other Grand Jury testimony.