UNITED STATES of America,
Plaintiff,

v.

Michael Denis CULLEN, Defendant.

No. 68–CR–113.

United States District Court
E. D. Wisconsin.

Oct. 29, 1969.

**696**

Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Shellow, Shellow & Coffey, Milwaukee, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, Mr. Cullen, is one of 14 persons, known collectively as the "Milwaukee 14", who were prosecuted in connection with the destruction of selective service records. A three-count indictment was returned against them on October 17, 1968.

Subsequently, Mr. Cullen brought a motion to sever. Upon the stipulation of the United States and Mr. Cullen, the court ordered that Mr. Cullen be tried separately on the substantive counts of the indictment and that such trial take place subsequent to that of the other named defendants, except John Hagedorn. Upon the stipulation of the parties, the court also ordered that Mr. Cullen be tried on the conspiracy count separately from and after the completion of his trial on the substantive counts.

In this decision the court will decide other motions brought by Mr. Cullen. He has moved to dismiss each of the three counts of the indictment. In the alternative, he has moved for an order compelling the government to elect one of the counts on which to prosecute him. Mr. Cullen contends that the three counts of the indictment are mutually exclusive so that the government can only prosecute him on one. He has also moved for a bill of particulars.

In addition, Mr. Cullen has moved for production of a list of all government witnesses against him and their last known addresses; for production of any confessions he may have made and the names and addresses of witnesses to it; for any evidence tending to exculpate him of the offenses charged or tending to diminish the degree of his criminal liability; and for production of the minutes of the grand jury which indicted him. .

### I. MOTIONS TO DISMISS AND TO ELECT

Mr. Cullen has filed six motions to dismiss. Three of these motions each allege a separate ground for dismissing the first count of the indictment. In the alternative, he has brought three motions to require the prosecution to make an election.

Count I charges Mr. Cullen with conspiring with others of the "Milwaukee 14" to violate 18 U.S.C. §§ 2 and 2071 by wilfully destroying selective service records and to violate 18 U.S.C. § 2 and 50 U.S.C.App. § 462(a) by wilfully interfering with the administration of the Military Selective Service Act of 1967, in violation of 18 U.S.C. § 371.

In his first motion, Mr. Cullen contends that since 50 U.S.C.App. § 462(a) contains its own conspiracy section, the government cannot charge a separate violation of § 462(a) under 18 U.S.C. § 371. The government denies that the indictment charges Mr. Cullen with "conspiring to conspire". The government argues that the indictment properly charges conspiracy to violate two federal laws, 18 U.S.C. § 2071 and the substantive part only of 50 U.S.C.App. § 462(a).

■ The court in Georges v. United States, 262 F.2d 426, 431 (5th Cir. 1959), observed that "As between two statutes punishing conspiracy, the particular statute is to be preferred over the general statute." When a conspiracy is charged to violate two statutes and one of those statutes has a built-in conspiracy provision, the indictment should refer to § 371 only in connection with that statute which does not contain a built-in conspiracy provision. Such a practice would avoid the problems illustrated by this case and by Tanksley v. United States, 321 F.2d 647 (8th Cir. 1963). Since § 462(a) contains its own conspiracy provision, that provision controls, and reference to § 371 was improper.

However, Mr. Cullen does not allege that he was prejudiced by this reference. The indictment refers the defendant to the controlling section, and I can detect no prejudice to the defendant. Rule 7 (c), Federal Rules of Criminal Procedure, provides

"Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

The Notes of the Advisory Committee on Rules, 18 U.S.C.A. Rule 7, Federal Rules of Criminal Procedure, make clear at page 325 that "citations to statutes or regulations [are] not a part of the indictment." Therefore, in my opinion the criticized citation in this case is not ground for dismissing the indictment, and defendant's first motion must be denied. Brown v. United States, 112 U.S.App.D.C. 57, 299 F.2d 438 (1962); Davis v. United States, 279 F.2d 576 (4th Cir. 1960); United States v. McKnight, 253 F.2d 817 (2d Cir. 1958).

In his second motion to dismiss count I, Mr. Cullen contends that by referring to 18 U.S.C. § 2, the indictment charges the defendant with the crime of conspiring to aid and abet the violation of a federal statute. Mr. Cullen contends that there is no such crime known to the law.

Title 18 U.S.C. § 2 states that an aider and abettor shall be liable as a principal. The government "agrees that including a reference to this Statute in Count I is unnecessary."

■ The inclusion of a reference to § 2 was confusing, and, as the government admits, it was unnecessary to the charge against Mr. Cullen. However, as was true of his first motion to dismiss, Mr. Cullen has not alleged prejudice from this error and none appears to the court. The court in United States v. Lynch, 180 F.2d 696, 698 (7th Cir. 1950), stated:

"If the acts charged in the indictment constitute an offense under any statute or statutes of the United States, the omission of a reference to the statute violated or a misreference thereto in the caption of the indictment or in the body thereof does not render the indictment invalid."

Accord, United States v. Roberts, 264 F. Supp. 622, 624 (S.D.N.Y.1966). For failure to show prejudice, Mr. Cullen's second motion to dismiss must be denied.

In his third motion, Mr. Cullen contends that the first count should be dismissed because it does not adequately allege the formation of an agreement to violate the laws of the United States. He argues that the indictment must inform him where the agreement was entered into and how he entered into it. The government contends that such particularity is unnecessary and points out

that the indictment has already informed the defendant that the conspiracy existed, where and how long it existed, and that Mr. Cullen was a member of it.

■ In my opinion, the facts alleged in the indictment are sufficient. In United States v. Brandom, 273 F.Supp. 253, 258 (E.D.Wis.1967), this court observed that an indictment is sufficient " * * * even though it does not allege with minute particularity the details of the agreement. In United States v. Frank, 290 F.2d 195, 196 (3rd Cir. 1961), the court stated:

'An express agreement is not necessary to prove conspiracy * * * "[I]t is an axiomatic principle of law that a conspiracy charge may be sustained on circumstantial evidence alone".' "

Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Brown v. United States, 403 F.2d 489, 490 (5th Cir. 1968); Medrano v. United States, 285 F.2d 23, 26 (9th Cir. 1960); United States v. Nomura Trading Company, 213 F.Supp. 704, 706 (D.C.N.Y. 1963); United States v. Bitz, 179 F. Supp. 80, 86 (D.C.N.Y.1959), reversed on other grounds 2 Cir., 282 F.2d 465.

In his fourth and fifth motions to dismiss, Mr. Cullen seeks an order dismissing either count II or count III on the ground that count II is a lesser offense included in count III. Mr. Cullen contends that he cannot be charged with both counts at once. In the alternative, Mr. Cullen moves for an order compelling the government to elect now between the counts.

The government urges that an intelligent choice cannot be made before trial. It also insists that without proof on the point, there is no way to determine whether the destruction of draft records, which constitutes a specific violation of 50 U.S.C.App. § 462(a), also hinders the administration of the Selective Service Act, in violation of 18 U.S.C. § 2071.

■ The government appears to agree with the defendant that count II is a lesser included offense in count III. However, it is not improper to prosecute a defendant under an indictment which alleges two crimes, one of which includes the other. Forsberg v. United States, 351 F.2d 242, 245 (9th Cir. 1965); Ekberg v. United States, 167 F.2d 380, 385 (1st Cir. 1948).

■ Even if it could be said that counts II and III were improperly joined, the motions for dismissal would be an inappropriate means of meeting this claimed defect. The proper method of attacking it is by motion for severance, not by motions for dismissal. Kleven v. United States, 240 F.2d 270, 272 (8th Cir. 1957); Finnegan v. United States, 204 F.2d 105, 109 (8th Cir. 1953); Optner v. United States, 13 F.2d 11, 12 (6th Cir. 1926). Cf. United States v. Lugo, 269 F.Supp. 757, 758 (E.D.Wis. 1967), involving misjoinder of parties.

■ With reference to the defendant's demand for an election, it is noted that in United States v. Solomon, 26 F.R.D. 397, 403 (S.D.Ill.1960), the court stated "A motion to compel election between counts of an indictment is addressed to the sound discretion of the trial court." Pointer v. United States, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1893); United States v. Harris, 211 F.2d 656, 659 (7th Cir. 1954); United States v. Hunt, 120 F.2d 592, 593 (7th Cir. 1941); Arnold v. United States, 7 F.2d 867, 869 (7th Cir. 1925).

The court in *Solomon*, supra, 26 F.R.D. p. 403, said:

"Unless it appears that the rights of defendants would be prejudiced and that they would be embarrassed in their defense by the fact of being tried upon multiple charges before the same jury, a court should not compel election between counts properly joined in an indictment."

Terry v. United States, 120 F. 483 (4th Cir. 1903).

In my opinion, Mr. Cullen will not be prejudiced by permitting the trial to proceed on both counts II and III. The

government will not be obliged to elect between prosecuting on count II or count III. Spinelli v. United States, 382 F.2d 871, 888 (8th Cir. 1967), reversed on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. Cf. Arnold v. United States, 7 F.2d 867, 869 (7th Cir. 1925).

Mr. Cullen's sixth motion to dismiss and his second and third motions to elect all stem from his contention that the government cannot prosecute a conspiracy under 50 U.S.C.App. § 462(a) as an object of the general conspiracy section, 18 U.S.C. § 371. Previous discussion of this issue makes these motions moot.

## II. MOTION FOR A BILL OF PARTICULARS

Mr. Cullen has moved for a bill of particulars for each count of the indictment. He seeks to learn precisely when, where, and with whom the conspiracy agreement was formed, detailed facts concerning entry into selective service offices, and details about the preparation and distribution of relevant press releases. He also asks the precise part which he and his alleged co-conspirators played in forming and executing the conspiracy.

The government has already described in the indictment the approximate dates during which the conspiracy was in effect and the part each conspirator played in carrying it out. In addition, the government has provided other information in response to Mr. Cullen's motion, such as the overt acts it alleges he performed in carrying out the conspiracy.

 In my opinion, the information still sought by Mr. Cullen is evidentiary in nature. It is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968); United States v. Rosenfeld, 264 F.Supp. 760, 762 (N.D.Ill. 1967); United States v. Trownsell, 117 F.Supp. 24, 26 (N.D.Ill.1953); United States v. Bozza, 234 F.Supp. 15, 16–17 (E.D.N.Y.1964); United States v. Gilboy, 160 F.Supp. 442, 456 (M.D.Pa.1958). Therefore, the defendant's motion for a bill of particulars will not be granted.

## III. DISCLOSURE OF WITNESSES

The defendant has moved for the production of a list of all government witnesses and their last known addresses. The government denies it has an obligation to furnish such a list at this time.

Title 18 U.S.C. § 3432 does not require production of the names and addresses of government witnesses in a non-capital case. United States v. Van Duzee, 140 U.S. 169, 11 S.Ct. 758, 35 L.Ed. 399 (1891). Numerous decisions interpreting this statute have held that the court should not order that such information be given to a defendant in a non-capital case. Dean v. United States, 265 F.2d 544, 547 (8th Cir. 1967); United States v. Tanner, 279 F.Supp. 457, 473 (N.D.Ill. 1967).

 The government cannot be required to reveal the names and addresses of its witnesses under rule 16, Federal Rules of Criminal Procedure. United States v. Chase, 372 F.2d 453, 466 (4th Cir. 1967); United States v. Wolfson, 294 F.Supp. 267, 277 (D.Del.1968); United States v. Zirpolo, 288 F.Supp. 993, 1019 (D.N.J.1968). However, it should be noted that the standard final pretrial order in criminal cases utilized by this court directs disclosure of the government's witnesses just before trial. The effect of the denial of the present motion means, therefore, that such data need not be furnished *at this time.*

## IV. PRODUCTION OF CONFESSIONS

The defendant has moved for production of any written confessions that he may have made and of a list of witnesses to any written or oral confessions he may have made. The government does not dispute Mr. Cullen's right under

rule 16(a), Federal Rules of Criminal Procedure, to any written or recorded confessions he may have made, but denies any knowledge that he made any.

 Since Mr. Cullen does not aver that he did make a confession, and the government denies that he did, the motion to produce confessions should not be granted. The motion may be renewed if any confession is later brought to light.

## V. EXCULPATORY EVIDENCE

Mr. Cullen has moved for the production of any evidence which may exculpate him. The government denies having any such evidence.

 The government has an obligation to supply evidence to a defendant not otherwise known by him which is material to disproving his guilt, reducing his punishment, or impeaching witnesses against him. Giles v. Maryland, 386 U.S. 66, 74, 87 S.Ct. 793, 17 L.Ed.2d 737 (1966); Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1962). In the absence of contradiction, the court may assume that if the government has such information, it will furnish it to the defendant in sufficient time to be of use to him at his trial. United States v. McCarthy, 292 F.Supp. 937, 940 (S.D.N.Y.1968); United States v. Curry, 278 F.Supp. 508, 513 (N.D. Ill.1967).

In United States v. Cobb, 271 F.Supp. 159, 164 (S.D.N.Y.1967), the court said:

> "In view of the practical difficulties, the decision as to whether the Government possesses any such evidence must be left to its good conscience, subject to the sanction that if it delays disclosure until trial, it may risk the granting of a motion for a mistrial."

Cf. United States v. Leighton, 265 F. Supp. 27, 35 (S.D.N.Y.1967). Contra, Williams v. Dutton, 400 F.2d 797, 800–801 (5th Cir. 1968); United States v.

Gleason, 265 F.Supp. 880, 885 (S.D.N.Y. 1967). See also United States v. Westmoreland, 41 F.R.D. 419, 427 (S.D.Ind. 1967), on *in camera* inspection of government internal documents following trial.

## VI. GRAND JURY MINUTES

Finally, Mr. Cullen has moved for the production of the minutes of the grand jury which indicted him. The government has agreed to make the grand jury minutes available to Mr. Cullen 24 hours before each witness testifies.

This court has recently considered the question of when pretrial discovery of grand jury minutes can be granted. See United States v. Ball, No. 69–CR–11 (September 30, 1969). There, this court concluded that pretrial discovery is still not permitted absent a showing of particularized need. See Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1965); United States v. Lewis, 406 F.2d 486, 492 (7th Cir. 1969); United States v. Napue, 401 F.2d 107, 112 (7th Cir. 1968).

 However, grand jury minutes of government trial witnesses are available to a defendant at the trial as a matter of right on the subjects about which they testified at the trial. United States v. Amabile, 395 F.2d 47, 53 (7th Cir. 1968). As a matter of trial management, the court deems it desirable that the defendant be permitted to examine grand jury minutes of proposed witnesses 24 hours before the trial. In view of the fact that the government has agreed to provide such minutes then, the defendant's motion is denied. Allen v. United States, 129 U.S.App.D.C. 61, 390 F.2d 476, 482 n. 16 (1968); United States v. Venn, 41 F.R.D. 540, 542 (S.D. Fla.1966).

Now, therefore, it is ordered that the defendant's motions be, and they hereby are, denied.