**UNITED STATES of America,**
**Appellee,**

v.

**Peter Frederick FRAGUS, Appellant.**

**No. 27801.**

United States Court of Appeals
Fifth Circuit.

Lacy Mahon, Jr., Jacksonville, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Joseph W. Hatchett, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and COLEMAN and CLARK, Circuit Judges.

PER CURIAM:

Title 18, § 1462, United States Code, prohibits the use of any express company or other common carrier for carriage in interstate commerce of any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character. Upon conviction for the first offense the penalty is a fine of not more than $5,000 or imprisonment for not more than five years, or both.

The statute is constitutional, Reed Enterprises v. Clark, Attorney General, 390 U.S. 457, 88 S.Ct. 1196, 20 L.Ed.2d 28 (1968), affirming D.C.D.C., 1967, 278 F.Supp. 372; Gold v. United States, 9 Cir., 1967, 378 F.2d 588.

The appellant, Peter Frederick Fragus, was indicted for using a common carrier, a bus line, to transport obscene materials. The indictment was in seven counts. Fragus pleaded guilty to one count covering the transportation of eleven obscene books and one deck of obscene playing cards, and he was sentenced to imprisonment for eighteen months. Upon motion of the prosecution the remaining six counts were dismissed.

Fragus then retained other counsel, who moved to withdraw the guilty plea, for arrest of judgment, and for vacation or reduction of sentence. The motions were denied.

This appeal is grounded largely upon the contention that Fragus could not lawfully have been adjudicated guilty of the alleged violation because "there has been no prior judicial determination that the material allegedly transported was obscene material".

This contention is untenable. The record conclusively shows that the

guilty plea was knowingly and intelligently entered, with the advice and assistance of privately retained counsel. The trial judge did examine the material, and he described it in the record as "a real education in obscenity". Lastly, as we have repeatedly held, the plea of guilty admitted each and all of the averments of the indictment, Newalk v. United States, 5 Cir., 1958, 254 F.2d 869; Rosecrans v. United States, 5 Cir., 1967, 378 F.2d 561; Busby v. Holman, 5 Cir., 1966, 356 F.2d 75; United States v. Smith, 2 Cir., 1969, 407 F.2d 33, 35.

We are of the further opinion that Stanley v. Georgia, 394 U.S. 557, 89 S. Ct. 1243, 22 L.Ed.2d 542 (1969), dealing with the private possession of obscene material in the home, is of no assistance to the appellant. Transportation of such material in interstate commerce was the offense to which Fragus pleaded guilty. As already pointed out, the statute prohibiting that activity is constitutional.

The judgment of the District Court is Affirmed.