**UNITED STATES of America,**
**Plaintiff,**

v.

**Andrew Joseph MACHI, Antonino Machi a/k/a Tony Petrolle, Thomas James Machi, Angelo Di Giorgio, Sam Librizzi, Dennis Librizzi, Defendants.**

**No. 70-CR-167.**

United States District Court,
E. D. Wisconsin.

March 16, 1971.

**154**

David J. Cannon, U. S. Atty., and Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Joseph P. Balistrieri, Milwaukee, Wis., for Andrew Machi, Angelo Di Giorgio, Sam Librizzi and Dennis Librizzi.

Gerald P. Boyle, Milwaukee, Wis., for Antonino Machi and Thomas Machi.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have filed numerous motions in connection with the indictment against them. The indictment alleges that the defendants conspired to carry on interstate gambling activities in violation of 18 U.S.C. 1952; a total of eight counts relating to interstate gambling have been charged.

There is considerable overlapping in the various motions of the several defendants. This memorandum will attempt to resolve the motions without identifying the specific moving party.

1. There are motions to allow defense counsel to examine the grand jury minutes. In the absence of any showing of particularized need, this court finds it appropriate here to apply the technique set forth in United States v. Cullen, 305 F.Supp. 695, 700 (E.D. Wis.1969), which requires the government to make such minutes available 24 hours before trial as to those individuals whom the government will call as witnesses. Dennis v. United States, 384 U. S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1965); United States v. Lewis, 406 F. 2d 486, 492 (7th Cir. 1969); United States v. Napue, 401 F.2d 107, 112 (7th Cir. 1968). Therefore the motion for production and inspection is denied.

2. The motion for severance should be denied. My reading of the indictment persuades me that the conspiracy count is the integral and significant part of the indictment and necessitates a denial of the motion for severance.

3. The motions for dismissal must be denied, notwithstanding the defendants' contentions that the indictment is legally insufficient, vague and unconstitutional. In United States v. Brandom, 273 F. Supp. 253, 258 (E.D.Wis.1967), this court observed that an indictment is sufficient

" * * * even though it does not allege with minute particularity the details of the agreement. In United States v. Frank, 290 F.2d 195, 196 (3rd Cir. 1961), the court stated:

'An express agreement is not necessary to prove conspiracy * * *

"[It] is an axiomatic principle of law that a conspiracy charge may be sustained on circumstantial evidence alone".' "

Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Brown v. United States, 403 F.2d 489, 490 (5th Cir. 1968); Medrano v. United States, 285 F.2d 23, 26 (9th Cir. 1960); United States v. Nomura Trading Company, 213 F.Supp. 704, 706 (S.D.N.Y. 1963); United States v. Bitz, 179 F. Supp. 80, 86 (S.D.N.Y.1959), reversed on other grounds 282 F.2d 465 (2d Cir. 1960). I find that the motions for dismissal on the part of the defendants are without merit.

4. The defendants seek an order pursuant to Rule 16, Federal Rules of Criminal Procedure, which would permit the defendants' counsel to "inspect and copy or photograph books, papers, documents, tangible objects, or buildings or places, or copies of portions thereof, which are within the possession, and custody or control of the Government * * *" Such motion should be granted.

5. The defendants have moved for various relief attendant to their contention that illegal wiretapping and electronic surveillance was employed by or on behalf of the government in this case. The defendants seek to have certain evidence suppressed and returned to them and also to have the indictment dismissed for such reason. In my opinion, these demands may not be granted. An order authorizing wiretapping was issued on September 8, 1970 by Judge John W. Reynolds, and this court is not able to say that such authorization was contrary to law. I find that the defendants are not entitled to dismissal or to suppression or to the return of evidence under Rule 41(e), Federal Rules of Criminal Procedure. Accordingly, the court will not grant the motions to suppress the statements of the defendants, the names and addresses of witnesses, or the testimony of prospective witnesses, which may have been secured as a result of such wiretapping.

6. In connection with such wiretapping, the defendants have moved for an order allowing them to inspect and copy the order of the court and the affidavit in support thereof which allowed wiretapping in the case at bar as well as "inspection of any and all tapes, memos, records, logs, reports, and other similar data accumulated as a result of such surveillance * * *" The court will grant this motion.

7. Defendants also move for the following: "The disclosure of any and all instances of any and all types of electronic surveillance, authorized or not, conducted upon the premises at 660 South 60th Street, in Milwaukee, Wisconsin, in any manner, calculated to overhear the conversations of the defendant or others upon such premises and/or in connection with the use of the telephones installed on such premises, whether such telephonic conversations contained the voice of the defendant or not." In my opinion, this motion should be granted.

8. One of the defendants is identified in the indictment by two different names, with the symbol "a/k/a" before the second name. Such defendant moves that this designation be stricken from the caption of the indictment because it produces a prejudicial effect against him. The use of an "alias" or a nickname in an indictment was recently discussed in United States v. Escobedo, 430 F:2d 14, 20 (7th Cir. 1970), where the court said:

" * * * Defendant also asks this court to review the trial court's refusal to strike the words 'Danny Escobedo' from the indictment. Although defendant labels 'Danny Escobedo' as an 'alias,' we think that 'Danny' is more properly labeled a nickname for defendant's true name. In light of testimony by witnesses and by defendant himself that he was referred to by others as 'Danny,' the use of the nickname further identified defendant and did not constitute prejudicial error. Even if 'Danny' is considered an alias, we find no harmful effect in this case. *See* United States v. Melekh, 193 F. Supp. 586 (N.D.Ill.1961), citing United States v. Solowitz, 99 F.2d 714 (7th Cir. 1938)."

**156**

I believe that the motion to strike the designation in the caption should be denied.

 9. The defendants seek a bill of particulars pursuant to Rule 7(f), Federal Rules of Criminal Procedure. In my opinion, the indictment in the case at bar is sufficiently detailed as to all counts, including the alleged conspiracy and the overt acts, so that there is no merit to the defendants' motion. The information sought by the defendants is evidentiary in nature. It is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968); United States v. Rosenfeld, 264 F.Supp. 760, 762 (N.D. Ill.1967); United States v. Trownsell, 117 F.Supp. 24, 26 (N.D.Ill.1953); United States v. Bozza, 234 F.Supp. 15, 16 (E.D.N.Y.1964); United States v. Gilboy, 160 F.Supp. 442, 456 (M.D.Pa. 1958). This motion must be denied.

■ 10. There is a motion to permit inspection and copying of the court order and affidavit of September 25, 1970 in connection with the search warrants issued in this case. Such motion is granted.

■ 11. The court has before it a motion demanding the return of certain cash which was taken by the agents while executing the search warrants. I find no reason to treat the cash differently from the other materials seized pursuant to the search warrant. Although it is urged that the search was unreasonable, I have examined the affidavit in support of the search warrant and find that the magistrate was presented with sufficient underlying circumstances to justify the issuance of the search warrant, consistent with Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). This motion must be denied.

Now, therefore, it is ordered that all the defendants' motions be and hereby are denied, except for motions numbered 4, 6, 7 and 10, and it is hereby ordered that the latter motions be and hereby are granted.