UNITED STATES of America,
Plaintiff,

v.

Harry ZACHER, Jr., a/k/a Larry Zacher
a/k/a Larry Santell, Defendant.

No. 70–CR–77.

United States District Court,
E. D. Wisconsin.

Sept. 8, 1971.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for plaintiff.

William M. Coffey, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has filed several motions in connection with the indictment against him in the above-entitled action. The indictment charges that the defendant transported obscene materials from California to Wisconsin via a common carrier, in violation of 18 U.S.C. § 1462.

After the parties submitted their briefs in connection with these motions, the United States Supreme Court decided United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971), and United States v. Thirty-Seven Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971). Additional comment was requested from both sides concerning the impact of the latter case upon the case at bar, and such responses have been received. Each of the defendant's motions will be discussed separately.

## MOTIONS TO DISMISS

The defendant has brought two motions to dismiss this action. In his first motion, Mr. Zacher argues that § 1462 is unconstitutional because it allows the imposition of a criminal penalty in the absence of proof that the defendant knew that the materials were obscene; in addition, the defendant contends that the statute is overbroad and is subject to "sweeping and improper application * * * in violation * * * [of] * * * the First and Ninth Amendments to the Constitution." The second motion to dismiss asserts that no evidence was presented to the grand jury from which it could conclude that the materials in question were obscene.

18 U.S.C. § 1462 provides, in part:

"Whoever brings into the United States, or any place subject to the jurisdiction thereof, or knowingly uses any express company or other common carrier, for carriage in interstate or foreign commerce—

"(a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character * * *.

* * * * * *

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both, for the first such offense and shall be fined not more than $10,000 or imprisoned not more than ten years, or both, for each such offense thereafter."

■ On its face, § 1462 does not appear to require scienter, or knowledge that the materials are obscene. That a form of scienter is a sine qua non for conviction under the statute, however, is clear from an examination of those decisions which followed in the wake of Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). In Smith, the Supreme Court invalidated a city ordinance that made a bookseller's possession of obscene materials, without more, a criminal offense. The Court concluded that the ordinance "imposed a strict or absolute criminal responsibility" on one charged with its violation and stated that to dispense with the requirement of scienter might work a "substantial restriction on the freedom of speech and of the press." 361 U.S. at 150, 80 S.Ct. at 217.

This problem of scienter was considered in United States v. Rubin, 312 F. Supp. 950, 955 (C.D.Cal.1970), where the court stated:

"[Even] though Section 1462 does not by its express terms require any *scienter,* we nevertheless hold as the Supreme Court did in *Smith* that the *scienter* requirement must be read into this Federal Statute as an implied requisite to conviction. United States v. Mishkin, 317 F.2d 634 (2nd Cir., 1963), cert. denied, 375 U.S. 827, 84 S.Ct. 71, 11 L.Ed.2d 60 (1963) [where the court said, 317 F.2d at 637, 'scienter is a necessary element of the substantive crime of importing obscene matter, 18 U.S.C. § 1462'] ; and United States v. Luros, 260 F.Supp. 697 (N.D. Iowa, 1966), rev'd on other grounds, 389 F.2d 200 (8th Cir., 1968)."

The defendant's contention that conviction under § 1462 can be effected without proof of scienter, then, must be rejected. While his motion requires that some distinction be made between mens rea, or "evil purpose," and scienter, which can be defined as "guilty knowledge," Morissette v. United States, 342 U.S. 246, 252, 72 S.Ct. 240, 96 L.Ed. 288 (1952), it can be noted that

"[The] recent trend in the interpretation of federal criminal statutes has been to discover by implication a requirement of scienter, where there is no reason to suppose that the Congress, by deliberate choice, omitted such a requirement." Delaney v. United States, 199 F.2d 107, 117 (1st Cir. 1952).

See also Government of the Virgin Islands v. Rodriguez, 423 F.2d 9, 11 (3d Cir. 1970).

The precise nature, or amount, of the scienter required under § 1462 and other

federal obscenity statutes has been the subject of some discussion. *United States v. Rubin, supra,* 312 F.Supp. at 956. However, it appears to be settled that

> "While the government has the burden of proving that * * * [the defendant] * * * had knowledge of the character of * * * [the] * * * particular materials, *Smith v. California,* 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959), * * * [the defendant's] * * * belief that the books would or would not be characterized as obscene is immaterial. *See Kahm v. United States,* 300 F.2d 78 (5th Cir. 1962)." *United States v. Brown,* 328 F.Supp. 196, 198 (E.D. Va.1971).

See also *Gold v. United States,* 378 F.2d 588, 594 (9th Cir. 1967); *United States v. West Coast News Co.,* 357 F.2d 855, 862 (6th Cir. 1966); *cf. United States v. Orito,* 424 F.2d 276 (9th Cir. 1970).

■ I conclude that this indictment, which is stated in the terms of the statute, is legally sufficient, but that nevertheless the prosecution will be obliged to prove scienter to the extent that the defendant was mindful of the general character of the materials in question; the defendant's motion to dismiss on this ground may not be granted.

The defendant's first motion to dismiss is also based on the contention that § 1462 is so broad as to offend the guarantees of the first and ninth amendments to the Constitution. Indeed, this was the holding of this court in *United States v. Orito,* No. 70–CR–20 (E.D. Wis., decided October 28, 1970). See also *United States v. B & H Distributing Corp.,* 319 F.Supp. 1231 (W.D.Wis.1970). However, the recent decisions of the United States Supreme Court in *United States v. Reidel,* 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971), and *United States v. Thirty-Seven Photographs,* 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971), require a fresh analysis of the issue.

In *Stanley v. Georgia,* 394 U.S. 557, 568, 89 S.Ct. 1243, 1249, 22 L.Ed.2d 542 (1969), the Court held that "the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime," for the states' power to regulate obscenity "does not extend to mere possession by the individual in the privacy of his own home." On the other hand, the Court declined to expand the scope of its holding in *Stanley* beyond what was necessary to reverse the appellant's conviction and stated that "*Roth* [v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957)] and the cases following that decision are not impaired by today's holding."

In *United States v. B & H Distributing Corp., supra,* 319 F.Supp. at 1232, the district court rejected the concept that *Stanley* was to be construed as meaning "that obscenity in every context remains beyond the protection of the First Amendment." Further, it appeared arguable that *Stanley* possessed "broader implications" "which * * * [apparently] * * * reject or significantly modify the proposition stated in *Roth* * * * that 'obscenity is not within the area of constitutionally protected speech or press'. * * * *" Stein v. Batchelor,* 300 F.Supp. 602, 606 (N.D. Tex.1969), vacated and remanded sub nom. *Dyson v. Stein,* 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971).

The argument that a logical extension of the holding in *Stanley* is the proscription of any restrictions on the non-public transportation of obscene materials appears to be repudiated by *Reidel* and *Thirty-Seven Photographs.* These cases, it has been stated, "effectively foreclose any question of governmental power to control the distribution of obscene matter." *United States v. Brown, supra,* 328 F.Supp. at 201.

In *Reidel,* 18 U.S.C. § 1461, which prohibits the knowing use of the mails for the delivery of obscene matter, was held to be constitutional as applied to the distribution of obscene materials to recipients who state they are adults. The court found that "[nothing] in *Stan-*

*ley* questioned the validity of Roth insofar as the distribution of obscene material was concerned," and then stated:

"[To] extrapolate from Stanley's right to have and peruse obscene material in the privacy of his own home a First Amendment right in Reidel to sell it to him would effectively scuttle *Roth,* the precise result that the *Stanley* opinion abjured. Whatever the scope of the 'right to receive' referred to in *Stanley,* it is not so broad as to immunize the dealings in obscenity in which Reidel engaged here—dealings that *Roth* held unprotected by the First Amendment." 402 U.S. at 355, 91 S.Ct. at 1412.

A challenge to the constitutionality of 19 U.S.C. § 1305(a) was similarly rejected in *Thirty-Seven Photographs*; § 1305(a) permits the seizure and forfeiture of obscene materials imported into the United States. The Court cast aside the argument that, at the least, importation for private use is protected, holding instead that "obscene materials may be removed from the channels of commerce when discovered in the luggage of a returning foreign traveler even though intended solely for private use." As noted in United States v. Brown, supra, the Court in *Thirty-Seven Photographs* also referred to the commercial distribution of obscene materials when it said:

"[Whatever] the scope of the right to receive obscenity adumbrated in *Stanley,* that right, as we said in *Reidel,* does not extend to one who is seeking * * * to distribute obscene materials to the public, nor does it extend to one seeking to import obscene materials * * * whether for private use or public distribution." 402 U.S. at 376, 91 S.Ct. at 1408.

■ Both *Reidel* and *Thirty-Seven Photographs* are concerned with statutes different from 18 U.S.C. § 1462. In my opinion, however, there is no reason to believe that a different result would have been reached with regard to § 1462 from that which was reached in those two cases. I believe that the holding of the Court in *Reidel* and *Thirty-Seven Photographs* is broad enough to encompass the provisions of § 1462, as well, and that the prohibitions of that statute are constitutionally permissible ones. The defendant's contention that § 1462 cannot withstand constitutional challenge must be rejected. See Miller v. United States, 431 F.2d 655 (9th Cir. 1970); United States v. Fragus, 422 F.2d 1244 (5th Cir. 1970), supplemented 428 F.2d 1211; United States v. Melvin, 419 F.2d 136 (4th Cir. 1969); Gable v. Jenkins, 309 F.Supp. 998 (N.D.Ga.1969), aff'd 397 U.S. 592, 90 S.Ct. 1351, 25 L.Ed.2d 595 (1970).

It already has been noted that the defendant's second motion to dismiss urges that no evidence was presented to the grand jury upon which a determination of obscenity could be based. The defendant argues that it is likely that the attorneys for the government either presented no evidence to the grand jury in support of their contention that the films in question are obscene or that any evidence was "limited to only a partial showing of a particular film or to an 'alleged' sampling of the group of films." In addition, the defendant asks that an evidentiary hearing be held with respect to his contentions.

■ The thrust of the defendant's motion appears to be that the evidence presented to the grand jury was largely in the nature of hearsay testimony. This court recently had occasion to consider a similar contention. In United States v. Moriarty, 327 F.Supp. 1045, 1046 (E.D.Wis.1971), it was stated:

"The defendants cite cases from the second circuit which are critical of the use of hearsay evidence before a grand jury. United States v. Arcuri, 405 F. 2d 691 (2d Cir. 1968), cert. denied 395 U.S. 913, 89 S.Ct. 1760, 23 L.Ed.2d 227 (1969); United States v. Umans, 368 F.2d 725 (2d Cir. 1966), cert. granted 386 U.S. 940, 87 S.Ct. 975, 17 L.Ed.2d 872 (1967), cert. dismissed 389 U.S. 80, 88 S.Ct. 253, 19 L.Ed.2d 255 (1967). In spite of this criticism,

however, the rule in this circuit is to the contrary. Recently, in United States v. Daddano, 432 F.2d 1119, 1125 (7th Cir. 1970), the court stated:

'The fifth amendment requirement of indictment by grand jury is not violated where "all the evidence before the grand jury was in the nature of 'hearsay'."' [Quoting from Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956).]

See also United States v. Braico, 422 F.2d 543, 545 (7th Cir. 1970), cert. denied 398 U.S. 912, 90 S.Ct. 1712, 26 L.Ed.2d 74 (1970); United States v. Bitter, 374 F.2d 744, 748 (7th Cir. 1967), rev'd on other grounds 389 U.S. 15, 88 S.Ct. 6, 19 L.Ed.2d 15 (1967)."

The defendant's second motion to dismiss also will be denied.

## MOTION FOR DISCOVERY AND INSPECTION

The defendant has moved, pursuant to Rule 16, Federal Rules of Criminal Procedure, for an order permitting him to "inspect and copy or photograph" certain documents or other items in possession of the government. However, in its reply brief the government states that it "will provide the materials requested in said Motion." The defendant's motion for discovery and inspection thus appears to be moot and need not be granted.

## MOTION FOR EXCULPATORY EVIDENCE

The defendant also seeks an order requiring the government to disclose all "information, material and evidence" within its possession or control "which may tend to exculpate the defendant from the commission of the offense charged or minimize his complicity therein." The government has responded by stating that it believes that "this Court's decision in United States v. Cullen, 305 F.Supp. 695 (E.D.Wis.1969), sets forth our position on this Motion."

■■ The portion of the decision in United States v. Cullen, supra, to which the government's response refers states:

"The government has an obligation to supply evidence to a defendant not otherwise known by him which is material to disproving his guilt, reducing his punishment, or impeaching witnesses against him. Giles v. Maryland, 386 U.S. 66, 74, 87 S.Ct. 793, 17 L.Ed.2d 737 (1966); Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1962). In the absence of contradiction, the court may assume that if the government has such information, it will furnish it to the defendant in sufficient time to be of use to him at his trial. United States v. McCarthy, 292 F.Supp. 937, 940 (S.D.N.Y.1968); United States v. Curry, 278 F.Supp. 508, 513 (N.D.Ill. 1967)." 305 F.Supp. at 700.

Nothing is presently before the court to contradict the assumption that the government will supply the defendant with the material he seeks, if such information or documents exist. I believe that the obligation resting upon the government and outlined in the above excerpt from *Cullen* is dispositive of the defendant's motion for production of exculpatory evidence.

## MOTION FOR GRAND JURY MINUTES

■ Finally, the defendant has moved for the production of the grand jury minutes which contain the testimony of any witnesses whom the government intends to call at the trial of this action. The defendant asks that "this production be ordered at least twenty-four hours prior to the commencement of the trial of this cause." Such procedure was approved by this court in United States v. Cullen, supra, at 700, where it was stated that, in the absence of a showing of particularized need,

"[The] court deems it desirable that the defendant be permitted to examine grand jury minutes of proposed witnesses 24 hours before the trial."

See also United States v. Moriarty, supra, 327 F.Supp. at 1050; United States v. Machi, 324 F.Supp. 153, 154 (E.D.Wis.1971). The defendant's motion for the production of the relevant grand jury minutes twenty-four hours before trial will be granted.

## CONCLUSION

Therefore, it is ordered that the defendant's motion for the production of grand jury minutes be and hereby is granted; it is also ordered that all of the defendant's other motions be and hereby are denied.