**UNITED STATES of America,**
**Plaintiff,**

**v.**

**William Allen JUTZ and Gary Wayne Praefke, Defendants.**

**Crim. No. 74–CR–241.**

United States District Court,
E. D. Wisconsin.

March 12, 1975.

Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Louis R. Jones, Milwaukee, Wis., for defendant Jutz.

Dominic Frinzi, Milwaukee, Wis., for defendant Praefke.

DECISION AND ORDER

JOHN W. REYNOLDS, Chief Judge.

This is a criminal case in which defendant Jutz was indicted in five counts for a variety of violations of 26 U.S.C. § 5861 and § 5871, and 18 U.S.C. § 2, including making, possessing, and transferring a pipe bomb, and possessing a sawed-off shotgun. Defendant Praefke

was indicted together with Jutz in three of the counts.

Defendant Jutz has filed motions seeking (1) disclosure of grand jury witnesses and minutes, (2) disclosure of electronic surveillance, (3) supression of evidence seized pursuant to a search warrant on the ground that the warrant was invalid, (4) suppression of the shotgun which is the subject of one of the counts, and (5) an evidentiary hearing to inquire into alleged misrepresentations contained in the affidavit filed in support of the search warrant.

■ The motion for disclosure of grand jury witnesses and inspection of minutes must be denied in light of defendant's failure to show a "particularized need" and the representation by the government that it will comply with the rule of United States v. Cullen, 305 F. Supp. 695 (E.D.Wis.1969), by producing the minutes of a witness' grand jury testimony twenty-four hours before the witness testifies at trial.

■ The motion for disclosure of all electronic surveillance must also be denied. The government has revealed that the only electronic surveillance utilized in the investigation of this case consisted of one "consensual monitoring of a telephone conversation" and four occasions where a body transmitter was used and conversations recorded. It has offered to make the tapes and transcripts available to the defendant's attorney for his inspection. Since defendant has not indicated that the government's response to his motion is insufficient, the motion for disclosure appears to be moot and will, therefore, be denied.

■ A search was conducted on August 30, 1974 at 511 South Second Street, Delavan, Wisconsin, under authority of a search warrant issued by Magistrate John C. McBride on the same date. Defendant Jutz has attacked the sufficiency of the affidavit of Neil C. Londos, Special Agent, Bureau of Alcohol, Tobacco and Firearms, which was the basis for the issuance of the search warrant. Specifically, defendant has argued that the Londos affidavit contains insufficient facts from which the magistrate could judge the correctness of the affiant's conclusion that the confidential informant was credible or his information reliable. See, Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637 (1969); United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).

The Londos affidavit contains the following information relevant to the confidential informant's reliability:

\*   \*   \*   \*   \*   \*

"2. That you affiant has a confidential informant whom he believes to be reliable, in that he has known this confidential informant personally for approximately the last two months, and has received information from said confidential informant which he has been able to verify by independent investigation; said information supplied by this confidential informant relates to the possession of explosives and destructive devices in violation of the Federal Gun Control Act of 1968.

\*   \*   \*   \*   \*   \*

"4. Your affiant's confidential informant further advised that approximately two weeks later, in Delavan, Wisconsin, WILLIAM ALLEN JUTZ pointed out an individual whom he now knows to be GARY WAYNE PRAEFKE, and said 'that is the man that I sold the pipe bomb to'. The confidential informant further stated that WILLIAM ALLEN JUTZ advised him that the person he now knows as GARY WAYNE PRAEFKE was going to use the pipe bomb on a Police officer's house in the city of Elkhorn, Walworth County, State of Wisconsin.

"5. That on June 16, 1974 the pipe bomb was detonated at approximately 1:15 A.M. at the residence of Marvin Smith, Chief of Police, City of Elkhorn, State of Wisconsin, and it caused approximately $150.00 worth of damage to said residence.

\* \* \* \* \* \*

"10. The confidential informant is known to be reliable because he informed a law enforcement officer approximately 2 weeks before June 16, 1974 that a bomb was going to be detonated in Elkhorn, Wisconsin, at a law enforcement officer's home or boat."

Taken together, this information provided a sufficient basis for the magistrate to conclude that Londos' conclusion that the confidential informant was reliable was correct. The motion to suppress on the ground that the affidavit was insufficient must, therefore, fail.

The motion to suppress the shotgun seized during the search at 511 South Second Street, Delavan, Wisconsin, · on August 30, 1974, is premised on the claims that the seizure was not pursuant to a warrant, was not incident to an arrest, was unconsented to, was made without probable cause, and was beyond the permissible limits of the search authorized by the warrant issued by Magistrate McBride. The parties have agreed that resolution of these issues will require the taking of testimony. It does not appear, however, that a separate evidentiary hearing is required. This motion will be, therefore, denied at this time without prejudice to its reassertion at the trial.

Defendant Jutz's final motion seeks an evidentiary hearing for the purpose of inquiring into the truthfulness of the statements contained in the Londos affidavit. Jutz's attorney has filed an affidavit in support of this motion which states, "THAT UPON INFORMATION provided by the Defendant, WILLIAM ALLEN JUTZ, the 8th paragraph of the Affidavit For Search Warrant contains a statement that is materially incorrect in that the said Defendant did not purchase black powder on August 29, 1974." Paragraph 8 of the Londos' affidavit contains the following statement: "8. That on August 29, 1974 Special Agent Edward A. Prebe, Bureau of Alcohol, Tobacco and Firearms, was personally present at Viking Guns in Burlington, Wisconsin, and observed WILLIAM ALLEN JUTZ purchase eight ounces of black powder." Although Jutz's attorney goes on to state that there may be other misrepresentations contained in Londos' affidavit, the affidavit only specifically challenges the statement in paragraph 8 as being false.

In United States v. Carmichael, 489 F.2d 983 (7th Cir. 1973), an en banc court set out when an evidentiary hearing must be held to determine whether statements of a government agent-affiant made to an issuing magistrate are false.

"We now hold that *a defendant is · entitled to a hearing which delves below the surface of a facially sufficient affidavit if he has made an initial showing of either of the following: (1) any misrepresentation by the government agent of a material fact, or (2) an intentional misrepresentation by the government agent, whether or not material.* See generally United States v. Dunnings, 425 F.2d 836, 840 (2d Cir. 1969), certiorari denied, 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d 412; United States v. Halsey 257 F. Supp. 1002 (S.D.N.Y.1966); Kipperman, 'Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence,' 84 Harv.L.Rev. 825 (1971)." 489 F.2d at 988 (Footnote omitted —emphasis added.)

■ The issue here, therefore, is whether the affidavit of Jutz's attorney is sufficient to require an evidentiary hearing into the truthfulness of the statements contained in the Londos affidavit.

A close reading of *Carmichael* demonstrates that the defendant has not made a sufficient showing. The *Carmichael* court was careful to limit its holding:

"The rule we annouce today is intended only to test the credibility of government agents whose affidavits or testimony are before the magis-

*trate.* The two-pronged test of Aguilar v. Texas, 378 U.S. 108, 114, 84 S. Ct. 1509, 12 L.Ed.2d 723 (supra p. 986), sufficiently tests the credibility of confidential informers. Consequently, *defendant may not challenge the truth of hearsay evidence reported by an affiant. He may, after a proper showing, challenge any statements based on the affiant's personal knowledge,* including his representations concerning the informer's reliability, his representation that the hearsay statements were actually made, and his implied representation that he believes the hearsay to be true. This fills the gap not covered by the *Aguilar* tests, and, as the pertinent American Law Institute Commentary explains, 'it would be a very rare situation in which the \* \* \* [law enforcement officials] are hoodwinked by a Baron Munchausen.' " 489 F.2d at 989 (Footnote omitted—emphasis added.)

The affidavit filed here does not challenge the truthfulness of any statement made by affiant Londos of his own personal knowledge, but instead attacks the truthfulness of the (hearsay) statement of Special Agent Prebe. The *Carmichael* ruling does not directly apply to this situation.

It does not seem reasonable to extend *Carmichael* in light of the fact that the ruling is not based on constitutional grounds, 489 F.2d 988 n. 13, but appears instead to be an attempt to deter serious governmental misconduct—reckless or intentional perjury in front of the magistrate. It does not appear that this purpose would be furthered by holding evidentiary hearings into the truthfulness of statements made by one agent to another during the course of an investigation. The motion for an evidentiary hearing must, therefore, be denied.

It is therefore ordered that all defendant Jutz's motions are denied, except that the denial of the motion to suppress the shotgun is without prejudice.