**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Frank Anthony ALBY a/k/a John J. Sopps a/k/a James Dale a/k/a Francisco Albee, Defendant.**

**No. 72–CR–98.**

United States District Court,
E. D. Wisconsin.

Sept. 14, 1972.

David J. Cannon, U. S. Atty. by David B. Bukey, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Frank A. Calarco, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to dismiss the indictment. He also seeks an order to discover exculpatory evidence, to inspect the grand jury minutes, and for a bill of particulars.

The motion to dismiss is based on the defendant's contention that the indictment fails to allege with sufficient clarity a crime in violation of 18 U.S.C. § 1341. The defendant also urges that the language in the indictment is too broad and conclusory.

■ The indictment is divided into five counts and sets forth an accusation that the defendant devised a scheme to defraud certain parties by false and fraudulent representations; it charges that the United States mails were used in connection with such misrepresentations.

In my opinion, the indictment informs the defendant of the nature of the scheme with which he is charged. In Holmes v. United States, 134 F.2d 125, 134 (8th Cir. 1943), cert. denied 319 U.S. 776, 63 S.Ct. 1434, 87 L.Ed. 1722 (1943), the court stated:

"Acts innocent in themselves may yet in combination constitute a fraud or attempts to commit fraud. One attempting to commit a fraud may well seek to give the act an appearance of legality and innocence. * * * It is not essential that the matter mailed be in itself criminal or objectionable, or that it disclose a fraudulent purpose."

I conclude that this is comparable to the indictment in United States v. Brandom, 273 F.Supp. 253 (E.D.Wis.1967);

the instant indictment sets forth sufficient particulars of the alleged scheme to defraud to withstand the motion to dismiss.

■ With reference to the motion to discover exculpatory evidence and the motion for a bill of particulars, I find it unnecessary to grant such motions since the government's brief reflects the prosecution's intention "to furnish true copies of all the letters and invoices involved in the indictment, and generally to permit defendant to inspect all materials in the Government's file."

■ Regarding the defendant's motion to inspect grand jury minutes, in the absence of a particularized need being demonstrated, such motion need not be granted. United States v. Moriarty, 327 F.Supp. 1045 (E.D.Wis.1972).

■ The defendant suggests that the "bracketing of defendant's various names and his non-payment of bills permitted an improper inference to be drawn by the Grand Jury." In my opinion, this does not warrant a disclosure of the minutes. However, as to those persons whom the prosecution proposes to call as witnesses at the trial, the defendant is entitled to examine their grand jury testimony 24 hours before trial. United States v. Cullen, 305 F. Supp. 695 (E.D.Wis.1969).

■ Several aliases of the defendant are set forth in the indictment. The government has advised the court that it intends to use such aliases (except "Francisco Albee") as part of the government's proof at trial. See United States v. Addonizio, 313 F.Supp. 486 (D. N.J.1970), aff'd 451 F.2d 49 (3rd Cir. 1972).

Therefore, it is ordered that the defendant's motions be and hereby are denied.