**UNITED STATES of America,
Plaintiff,**

v.

**John Wayne BUSCHMAN, a/k/a Flapper,
a/k/a John Thomas, a/k/a Robert
Beck, et al., Defendants.**

No. 74–CR–130.

United States District Court,
E. D. Wisconsin.

Jan. 7, 1975.

William J. Mulligan, U. S. Atty. by D. Jeffrey Hirschberg, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

William M. Coffey, Milwaukee, Wis., for defendants John Wayne Buschman and Marjorie Buschman.

Russell L. Stewart, Milwaukee, Wis., for defendants David Gordon Cresca and Paul Edward McCrary.

Philip L. Atinsky, Milwaukee, Wis., for defendant Simmerman.

John J. Valenti, Milwaukee, Wis., for defendant Cresci.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a criminal case in which the six defendants have been charged with a conspiracy to transport stolen motorcycle parts in interstate commerce. Four of the defendants have filed a variety of pretrial motions. Since many of the motions are duplicitous, they will be discussed in accordance with the subject matter to which they pertain.

## GRAND JURY MINUTES

One group of motions seeks discovery of the grand jury minutes. The Government has offered to comply with the rule of United States v. Cullen, 305 F.Supp. 695 (E.D.Wis.1969), which re-

quires production of the minutes of a witness' grand jury testimony twenty-four hours before the witness testifies. Since defendants have not even attempted to show a "particularized need," United States v. Cerone, 452 F.2d 274 (7th Cir. 1971), cert. denied, 405 U.S. 964, 92 S.Ct. 1168, 31 L.Ed.2d 240 (1972), compliance with the *Cullen* rule is sufficient, and the motions must be denied.

## SEVERANCE MOTIONS

Another set of motions seeks severance under Rule 14 of the Federal Rules of Criminal Procedure. Count I of the indictment charges all the defendants with participation in a conspiracy (18 U.S.C. § 371) to transport in interstate commerce goods of a value in excess of $5,000, knowing the goods to be stolen (18 U.S.C. § 2314). Counts II through V contain allegations only against one defendant, John Wayne Buschman, at to substantive violations of 18 U.S.C. §§ 2314 and 2. Defendants Cresca, Simmerman, and McCrary argue that: (1) there will be a spillover onto them of the evidence against Buschman; (2) there is a gross disparity in the quantum of evidence as against them and Buschman; (3) the jury will be unable to judge their cases separately; (4) they will be unable to call codefendants to testify; and (5) they will not be able to comment on their codefendants' failure to testify.

■ The defendants have been properly joined in Count I (conspiracy) under Rule 8(b). The issue, therefore, is whether the moving defendants have made a sufficient showing that they would be prejudiced by a joint trial to warrant severance. Rule 14 of the Federal Rules of Criminal Procedure provides:

> "If it appears that a defendant * * * *is prejudiced* by a joinder of * * * defendants * * * or by such joinder for trial together, the court may * * * grant a severance of defendants * * *." (Emphasis added.)

Whether to grant a motion for severance is a decision within the trial court's discretion. United States v. Tanner, 471 F.2d 128 (7th Cir. 1972), cert. denied 409 U.S. 949, 93 S.Ct. 269, 34 L. Ed.2d 220 (1972).

■ Defendants' argument that they will be prejudiced by a joint trial because of the spillover effects of the evidence against Buschman is not sufficient to make out a strong probability of actual prejudice. The argument that defendants will be unable to call codefendants and elicit exculpatory evidence from them must be viewed in the light of the cases interpreting the rule of United States v. Echeles, 352 F.2d 892 (7th Cir. 1965). Specifically, United States v. Isaacs, 493 F.2d 1124, 1160 (7th Cir. 1974), holds that this situation can require a severance only where the defendant will in fact be unable to have a fair trial in the absence of the codefendant's testimony.

■ Defendant Simmerman's attorney has submitted an affidavit stating that Cresca and McCrary would testify at a trial involving only Simmerman, and that they would testify at such a trial that they never saw or talked to Simmerman prior to the indictment. It is difficult to believe Cresca and McCrary would waive their Fifth Amendment rights at a separate trial. Further, this testimony does not appear to be so exculpatory in nature that its absence would deny Simmerman a fair trial, since whether or not Cresca and McCrary had contact with Simmerman is only some evidence of whether Simmerman was a member of the conspiracy and is not conclusive.

■■ The final argument relates to the inability of these defendants to comment on their codefendants' failure to take the stand at a joint trial. The law is that *inability to comment on a co-defendant's refusal to testify compels severance only where the defendants have mutually exclusive antagonistic defenses. Contrast DeLuna v. United States, 308 F.2d 140 (5th Cir. 1962),

with United States v. Kahn, 381 F.2d 824, 840 (7th Cir. 1967), cert. denied, 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967), rehearing denied 392 U.S. 948, 88 S.Ct. 2272, 20 L.Ed.2d 1413 (1968). There has not been a sufficient showing of antagonistic defenses to fall within the *DeLuna* rule as interpreted by *Kahn*.

Since defendants have not made a sufficient showing that actual prejudice will result from a joint trial, their motions to sever must be denied.

## DISCOVERY

■ Defendants Buschman and Simmerman have filed discovery motions. These appear to be moot since the Government has made its entire investigative file available to defendants' attorneys.

## BILL OF PARTICULARS

■ Defendant Buschman has filed a motion seeking a bill of particulars. Under Rule 7(f), this motion is directed to the court's discretion. Defendant argues that the indictment is not clear enough to enable him to prepare his defense and prevent surprise at trial. A reading of the indictment shows that it informs the defendant of the charges against him with sufficient specificity to enable him to prepare for trial. Further, the motion seeks information contained in the Government's file which has been made available to the defendant. Therefore, a bill of particulars is unnecessary, and this motion is denied.

## CONSTITUTIONALITY OF 18 U.S.C. § 371

Defendant Simmerman has argued that the conspiracy statute, 18 U.S.C. § 371, is unconstitutional as applied to him and seeks dismissal of the indictment. He claims that it is violative of the double jeopardy clause of the Fifth Amendment because the same facts are sufficient to prove the state law crime of theft or the federal crime of interstate transportation of stolen property. He also argues that the statute is so ambiguous as applied to the facts of this case that he is not informed of the nature of the accusations against him.

■ ■ No cases have been cited by the defendant in support of the above arguments. His double jeopardy argument is meritless, since 18 U.S.C. § 371 has at least one element not required for either theft or interstate transportation of stolen property—that two or more persons conspire. Further, the statute is not so ambiguous as to fail to inform the defendant of the "nature and cause of the accusation." Cf., United States v. Edwards, 458 F.2d 875 (5th Cir. 1972), cert. denied sub nom. Huie et al. v. United States, 409 U.S. 891, 93 S.Ct. 118, 34 L.Ed.2d 148 (1972).

## MULTIPLICITY

■ Defendant Buschman is charged in Count I of the indictment with participation in a conspiracy to violate 18 U.S.C. § 2314, and in Counts II through V with substantive violations of 18 U.S.C. § 2314. He has filed a motion seeking dismissal of the indictment or an order requiring the Government to elect from among the counts on the ground that they are multiplicitous. He charges that the Government has fractionated a single course of action and that the result is multiplicitous.

This argument must fail. Count I charges conspiracy (18 U.S.C. § 371), and Counts II through V charge separate substantive violations of 18 U.S.C. § 2314. This is permitted. United States v. Caesar, 368 F.Supp. 328, 335 (E.D.Wis.1973). Defendant Buschman's motion to dismiss or elect must, therefore, be denied.

## SUFFICIENCY OF THE INDICTMENT

There are several motions challenging the indictment. Defendant Simmerman has filed two motions, one seeking dismissal and the other seeking to have the

indictment made more definite and certain. Defendants Cresca and McCrary have joined in the motion to dismiss.

 The indictment herein fulfills the requirements of Rule 7(c), as it alleges, in the language of the statute, the elements of the offense. Simmerman's motion to make the indictment more definite really seeks a bill of particulars which is not necessary here (see discussion above). These motions must be denied.

## SUPPRESSION MOTIONS

A total of twelve separate suppression motions have been filed by the defendants. They can be divided into three general groups. One set seeks to suppress telephone conversations intercepted pursuant to an order issued by Judge Myron L. Gordon on February 8, 1974 (Misc.App.No. 13). In another set of motions, defendant Buschman seeks to suppress evidence obtained by the execution of seven search warrants on February 18, 1974. Buschman has also filed a motion to suppress all eyewitness identification based on prior identification procedures.

### 1. *Suppression of Telephone Interceptions*

The following arguments for suppression have been asserted by the defendants: (1) 18 U.S.C. §§ 2516–2519 is unconstitutional; (2) the order did not allow interception of intrastate conversations, and the Government did not comply with 18 U.S.C. § 2517(5) in presenting these conversations to the grand jury; (3) the statement contained in the application concerning the use of other investigative procedures was insufficient; (4) there was no timely notification of interception as required by 18 U.S.C. § 2518(8)(d); (5) the interception continued too long; and (6) the affidavits accompanying the application for the order did not show probable cause.

 Most of these arguments can be dealt with summarily. The argument that §§ 2510 to 2520 of Title 18 are unconstitutional has not been accepted. See United States v. Tortorello, 480 F.2d 764, 771–775 (2d Cir. 1973), cert. denied 414 U.S. 866, 94 S.Ct. 63, 38 L.Ed. 2d 86 (1973), and cases cited therein. The argument that the order did not cover the interception of intrastate communications is belied by the language of the order: "In particular, the wire communications will ·concern the interstate transmission of facts relating the transportation and the sale of stolen goods, such as * * * the nature of the conspiracy and the identities of the co-conspirators." (¶ B of order.) This language covers intrastate conversations with co-conspirators. Further, the statements contained in pages 29, 30, 32, and 33 of the affidavit filed in support of the application are a sufficient showing that other investigative procedures would not be viable. As to the notification requirement of § 2518(8)(d), the file shows that defendant Cresca received a copy of the inventory. Further, although defendants Simmerman and McCrary did not, they were not named in the order or application, and there is no showing or argument by them that the Government learned of their addresses by means of the wiretap. There is also no merit in the argument that the wiretapping continued too long in view of the fact that Judge Gordon's order was limited to one week.

The issue of whether the affidavits showed probable cause deserves more serious consideration. An affidavit in support of the wiretap application was filed by Roger H. Davis, a special agent for the F.B.I. Defendant Buschman argues that the affidavit fails to establish the requisite probable cause because it is based on insufficiently corroborated hearsay, conclusions formed without sufficient foundation, improper speculation, and a failure to show that the various declarants had sufficient personal knowledge to reach the conclusions they did and were reliable.

 Much of the information contained in the affidavit comes from named

citizen informants. Although at least one court has ruled that the test of warrant affidavits enunciated in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); and United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), does not apply where the affidavit contains information from named citizen informants, see United States v. Bell, 457 F.2d 1231, 1239 (5th Cir. 1972), the better rule is that the *Aguilar—Spinelli—Harris* test is fully applicable. United States v. Brooks, 350 F.Supp. 1152 (E. D.Wis.1972).

■ The *Aguilar—Spinelli—Harris* test has two parts, and both must be satisfied. The affidavit must set forth sufficient facts to enable the judge or magistrate to determine that: (1) the informant obtained the information on which he based his conclusions in a *reliable* way, and (2) the informant himself is *credible.*

■ Where the informant is a confidential, unnamed, paid informant, his credibility is usually established by the affiant declaring how many times in the past the informant has relayed reliable information. Although this method of establishing the informant's credibility is usually unavailable where a named citizen informant is the source, there are several other ways whereby the affiant can show that the informant was reliable: (1) the statements made by the informant may be declarations against penal interest, United States v. *Harris,* supra; (2) the affiant may have personal knowledge of the defendant's reputation which corroborates the informant-citizen's information, *Harris*; (3) corroboration of part of the informant's information by independent evidence, State v. Paszek, 50 Wis.2d 619, 184 N.W.2d 836 (1971); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); and (4) lack of a witness' self interest, United States v. Unger, 469 F.2d 1283, 1287 (7th Cir. 1972), cert. denied 411 U.S. 920, 93 S.Ct. 1546, 36 L.Ed.2d 313 (1973). It is not necessary that the affiant state that he believes the citizen informant is reliable, *Unger,* supra, at footnote 4, p. 1287, but this would be an additional reason for concluding that the informant was reliable.

■ The Davis affidavit contains several types of information: (1) information provided by "Ed Davidson" in Florida concerning the activities of "John" in 1971; (2) information from F. T. Swain, the industrial relations director of Harley-Davidson regarding theft losses at their plant; (3) information from Richard Oliver, owner of Custom Cycle Delight in Fullerton, California, provided to Thomas Noel, an authorized Harley-Davidson distributor, who in turn advised Agent McKee of the F.B.I. regarding sale of parts at less than wholesale. There is also information concerning telephone calls from 414–241–5646, subscribed to by John Buschman, 1704 Fiesta Lane, Mequon, Wisconsin, to Custom Cycle Delight, and, further, there is information on United Parcel Service ("U.P.S.") shipments from "J. Thomas" of 1704 Fiesta Lane, Mequon, to Custom Cycle; (4) information from James Elson and Sally Wolfe of Elson's Cycle Shop, San Diego, California, concerning shipments of motorcycle parts, telephone calls, and U.P.S. shipments; (5) a compilation of records showing telephone calls from John Buschman, 1704 Fiesta Lane, Mequon, 414–241–5646, and U.P.S. shipments from "J. Thomas," 1704 Fiesta Lane, Mequon, to ten different motorcycle shops; and (6) a photo identification by Jerry Dohr, a U.P.S. shipping clerk in Elm Grove, Wisconsin.

The Davis affidavit adequately establishes probable cause and satisfies the two-prong *Aguilar—Spinelli—Harris* test. The reliability and credibility of the named informants is shown by the fact that some of the statements made by them are declarations against penal interest. Cf., *Harris,* supra. Also, the facts concerning parts

shipments that these informants describe were corroborated by U.P.S. and telephone company records. The statements of F. T. Swain concerning theft losses at Harley-Davidson and the availability of parts must be given credit. It is true that much of the information he related was based on hearsay, but it was provided to him in the normal course of the business. Further, the fact that Swain is named and occupies a responsible position at Harley-Davidson furnishes additional reason for believing he was credible.

It is apparent that all the attacks on Judge Gordon's order authorizing the interception of telephone communications must be rejected.

### 2. *Suppression of Evidence Seized Pursuant to Search Warrants*

Although defendant Buschman has cited a number of grounds for attacking the warrants, he has only argued two of them in his brief—first, that the statements made by the agent applying for the warrants were not sworn to before the magistrate nor incorporated by reference into the affidavit, and secondly, that in executing the warrants the agents seized property not described therein.

■ The first objection is meritless, since each application incorporates the statement attached to it, and each application was sworn to before the magistrate.

■ Defendant's second objection to the searches—that the agents seized property not described in the warrants —deserves serious consideration since many items were seized which were not described. The rule, however, is that evidence can be seized during a search pursuant to an otherwise valid warrant which is a means or instrumentality of a crime even if the articles seized are not described in the search warrant. United States v. Annoreno, 460 F.2d 1303 (7th Cir. 1972), cert. denied 409 U.S. 852, 93 S.Ct. 64, 34 L.Ed.2d 95 (1972); contrast Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927)

■ From the present state of the file and records of this case, it is impossible to determine the applicability of this rule. Therefore, defendant Buschman's motion to suppress the articles seized pursuant to the search warrants will be denied without prejudice to his right to renew the motion at trial.

### 3. *Suppression of Photographic Identification*

■ Defendant Buschman has filed a motion to suppress all eyewitness identification which is related to or based on a prior identification procedure conducted by any law enforcement official during the investigation of this case. Neither the defendant nor the Government has filed a brief on this motion. Since it is not clear what, if any, "identification procedures" were used, this motion must be denied without prejudice to the defendant's right to renew it at trial.

It is therefore ordered that the motions seeking production of the grand jury minutes, severance, discovery, a bill of particulars, dismissal, election of counts, modification of the indictment, and suppression of evidence obtained by telephonic interception pursuant to Judge Gordon's order of February 8, 1974, are hereby denied.

It is further ordered that defendant Buschman's motions to suppress evidence seized pursuant to search warrants and all eyewitness identifications are hereby denied without prejudice.