**UNITED STATES of America,
Plaintiff,**

**v.**

**Sally A. PAPIA et al., Defendants.**

**No. 75-CR-84.**

United States District Court,
E. D. Wisconsin.

Sept. 24, 1975.

1382

William J. Mulligan, U. S. Atty. by Leah M. Lampone, Thomas E. Brown, Asst. U. S. Attys., Milwaukee, Wis., for plaintiff.

Franklyn M. Gimbel, Milwaukee, Wis., for defendants Papia and Jennaro.

Gerald P. Boyle, Milwaukee, Wis., for defendant Enea.

Thomas P. Doherty, Milwaukee, Wis., for defendant Adonnis.

John H. Lauerman, Milwaukee, Wis., for defendant Holland.

Joseph P. Balistrieri, Milwaukee, Wis., for defendant Basile.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The defendants in this criminal action, Sally A. Papia, James R. Jennaro, Russell J. Enea, Maxamillion J. Adonnis, Joseph V. Basile, and Herbert H. Holland, are charged with conspiring to use extortionate means to collect and attempt to collect an extension of credit to certain persons and to punish those persons for nonrepayment, in violation of 18 U.S.C. §§ 891(7) and 894. Defendants Papia and Jennaro have further been charged with obstructing commerce by extortionate means, in violation of 18 U.S.C. § 1951, The Hobbs Act, and with the collection of credit by extortionate means, in violation of 18 U.S.C. § 894.

Defendants have made numerous pretrial motions. Since each defendant has moved to adopt all the motions filed by

codefendants, all these motions will be treated as if made on behalf of each and every defendant.

## DISCOVERY MOTIONS

Defendants have brought a number of motions which can be conveniently grouped together as discovery motions. Specifically, they have moved pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for production of all exculpatory evidence which the Government may possess, the discovery and inspection of documents, and the discovery and inspection of any reports of physical and mental examinations, or scientific tests or experiments made in connection with this case. Paragraph 3 of the Plan to Implement Rule 50(b), Federal Rules of Criminal Procedure, in the United States District Court for the Eastern District of Wisconsin, provides that upon request the Government shall make available all relevant written or recorded statements of defendants, results or reports of any physical or mental examination, scientific tests or experiments, a transcript of defendant's grand jury testimony, property of the defendant within the Government's control, and any evidence favorable to the defendant. The local practice, in short, is open file. Since no such request has been made by the defendants and the Government stands ready to allow inspection of the entire investigative file, defendant's discovery motions must be denied at this time. *United States v. Alby,* 349 F. Supp. 331 (E.D.Wis.1972).

## BILL OF PARTICULARS

Defendants have also moved, pursuant to Rule 7(f), Federal Rules of Criminal Procedure, for a bill of particulars. As a general matter, such a motion is addressed to the sound discretion of the court. *Wong Tai v. United States,* 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 546 (1927); *United States v. Barrett,* 505 F.2d 1091, 1106 (7th Cir. 1975); *United States v. Johnson,* 504 F.2d 622, 627 (7th Cir. 1974). The pur-

pose of a bill of particulars is to inform defendants of the nature of the charges so that surprise is avoided and there is sufficient time to prepare for trial. *United States v. Perez,* 489 F.2d 51, 70–71 (5th Cir. 1973), cert. denied, 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664 (1974). The bill of particulars also enables defendants to plead double jeopardy should it appear that a subsequent prosecution for an offense previously prosecuted is being brought. *Id.*

I have reviewed the indictment in this case and am satisfied that it is sufficiently detailed to satisfy these purposes. What the defendants request, in essence, by this motion are the details of the Government's case, and a motion for a bill of particulars cannot be used to achieve this end. *United States v. Johnson,* supra; *United States v. Cansler,* 419 F.2d 952, 954 (7th Cir. 1969), cert. denied, 397 U.S. 1029, 90 S.Ct. 1278, 25 L.Ed.2d 540 (1970). Nor can such a motion be used to discover the Government's legal theory in general, *United States v. Copen,* 378 F.Supp. 99, 103 (S.D.N.Y.1974); *United States v. Verra,* 203 F.Supp. 87, 92 (S.D.N.Y. 1962). As has been discussed above, defendants, upon request, shall have access to the information they seek. Accordingly, the motion for a bill of particulars must be denied.

## INSPECTION OF GRAND JURY MINUTES

Defendants have also moved for inspection of the grand jury minutes in this case. Proceedings before a grand jury are, historically and currently, not subject to disclosure unless the moving party demonstrates a particularized need. *United States v. Cerone,* 452 F.2d 274 (7th Cir. 1971), cert. denied, 405 U.S. 964 (1972); *United States v. Moriarity,* 327 F.Supp. 1045 (E.D.Wis. 1972); *United States v. Alby,* supra. Since defendants have not even attempted to make such a showing here, the motion need not be granted. Moreover, according to the rule in this district as set

forth in *United States v. Cullen*, 305 F. Supp. 695, 700 (E.D.Wis.1969), defendants will be permitted to examine the grand jury minutes of proposed witnesses 24 hours before trial. Therefore, the motion to inspect the grand jury minutes in this case at the present stage of the proceedings is denied, but as to any witness that the Government expects to call at trial, the Government is ordered to furnish the grand jury minutes 24 hours in advance in accordance with the rule in *Cullen*, supra.

## MOTION TO DISMISS

The defendants have moved, without briefing the question, to dismiss this action on the grounds that the criminal activity the Government alleges here was totally intrastate and thus not constitutionally reachable by Congress under 18 U.S.C. § 894, and that this action is fatally defective for failure to charge a conspiracy under 18 U.S.C. § 371.

■ The status of the law is that even intrastate activities are not removed from the coverage of § 894. See *United States v. Bonanno*, 467 F.2d 14 (9th Cir. 1972), cert. denied, 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973). With respect to this issue the Supreme Court has stated that "[e]xtortionate credit transactions, though purely intrastate, may in the judgment of Congress affect interstate commerce. * * * The findings by Congress are quite adequate on that ground." *Perez v. United States*, 402 U.S. 146, 154, 91 S.Ct. 1357, 1361, 28 L.Ed.2d 686 (1971). This court is in no position to dispute the opinion of Congress in this matter. Section 891 et seq., 18 U.S.C., constitutes a permissible exercise of congressional power under the commerce clause, *Perez v. United States*, supra, and has even been justified in certain situations under Congress' power to promulgate uniform laws in bankruptcy. See *United States v. Fiore*, 434 F.2d 966 (1st Cir. 1970), cert. denied, 402 U.S. 973, 91 S.Ct. 1659, 29 L.Ed.2d 137 (1970). Therefore, even if the activity involved here proves to be

wholly intrastate, it is still within the sweep of § 894.

■ With respect to defendants' second ground for dismissal, § 894 itself provides for a conspiracy charge. Therefore, there is no need to invoke § 371, the general conspiracy section, and defendants' argument that the latter section should have been utilized by the Government is unavailing. Although overt acts have been alleged in the Government's conspiracy charge under § 894 where none were needed, *United States v. Smith*, 464 F.2d 1129 (2d Cir. 1972), cert. denied, 409 U.S. 1023, 93 S.Ct. 462, 34 L.Ed.2d 314 (1973), no error requiring dismissal was made by such allegations.

## SEVERANCE OF DEFENDANTS

■ There is also before the court a motion for severance of defendants pursuant to Rule 14, Federal Rules of Criminal Procedure. As a general matter, defendants jointly indicted should be tried together, *United States v. Quinn*, 349 F.Supp. 232 (E.D.Wis.1972), especially in conspiracy cases, *United States v. Edwards*, 488 F.2d 1154 (5th Cir. 1974). Motions for severance of defendants are a matter of discretion with the court, *United States v. Tanner*, 471 F.2d 128 (7th Cir. 1972), cert. denied, 409 U.S. 949, 93 S.Ct. 269, 34 L.Ed.2d 220 (1972). The burden is on the party seeking the severance to demonstrate that the failure to grant the motion would deny the defendants their constitutional right to a fair trial. *United States v. Bornstein*, 447 F.2d 742 (7th Cir. 1971); *United States v. Blue*, 440 F.2d 300 (7th Cir. 1971).

■ Defendants here doubt their ability to secure testimony from codefendants should severance not be granted. In *United States v. Kahn*, 381 F.2d 824 (7th Cir.), cert. denied, 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967), the Court addressed this argument:

"* * * there is no absolute requirement for a severance when de-

fendants suggest that the testimony of a codefendant is not available to them unless they are tried separately. The unsupported possibility that such testimony might be forthcoming does not make the denial of a motion for severance erroneous. * * * " 381 F.2d at 841.

Here, the defendants have made a bald assertion, unsupported by affidavit or other material, that codefendants possess exculpatory evidence and would be willing to so testify. This is an insufficient showing that a joint trial would be prejudicial. *United States v. Kahn,* supra; *United States v. Buschman,* 386 F.Supp. 822 (E.D.Wis.1975). See also *United States v. Isaacs,* 493 F.2d 1124 (7th Cir. 1974). Only where it is shown to be a fact that a defendant would be unable to have a fair trial in the absence of severance should the court grant a motion to sever defendants.

■ Defendants, as a further reason for severance, argue that the "splash effect" which evidence or a guilty finding against one defendant may have on the rest requires that their motion be granted. The court, however, must assume under the law and the circumstances present here that a jury, properly instructed, will confine itself to matters relevant to each defendant. *Opper v. United States,* 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); *United States v. Buschman,* supra. Therefore, the motion to sever defendants must be denied.

### SEVERANCE OF COUNTS

■ The defendants have moved the court to sever the counts in the indictment, expressing concern that the jury may view the evidence on all counts cumulatively and become confused to the detriment of the individual defendants. Severance of the courts of an indictment, like severance of defendants, is discretionary with the court, *United States v. Barrett,* supra. The danger that the jury will improperly use evidence of one crime in deciding whether a defendant is guilty of another, or will

consider the evidence cumulatively, can normally be prevented by proper instructions. *United States v. Pacente,* 503 F. 2d 543, 548 (7th Cir. 1974); *United States v. Williamson,* 482 F.2d 508 (5th Cir. 1973); *Blachly v. United States,* 380 F.2d 665 (5th Cir. 1967). This court is, of course, willing to consider any instructions submitted by counsel at the appropriate time. Therefore, the motion to sever counts of the indictment must be denied.

### AFFIRM OR DENY THE USE OF MECHANICAL OR ELECTRONIC SURVEILLANCE

■ Defendants have further moved the Court to require the Government to affirm or deny the use of electronic or mechanical surveillance in this case. The Government has represented in its brief that it will inquire as to whether such surveillance of the defendants was conducted by any federal agency and file an appropriate affidavit pursuant to the rule in this circuit established in *In Re Korman v. United States,* 486 F.2d 926 (7th Cir. 1973). The Government shall have until September 12, 1975, to file such an affidavit. Thus, the defendants' motion need not be granted and is hereby denied. See *United States v. Caesar,* 368 F.Supp. 328 (E.D.Wis.1973).

### INDEFINITE CONTINUANCE OR DISMISSAL

■ Defendants have also moved the court for an indefinite continuance or a dismissal based on publicity on this case which has appeared in the local media subsequent to the issuance of the indictment. The issue raised by this motion is whether, in view of the allegedly harmful publicity, it is possible to select a fair and impartial jury in the present location. *United States v. Daddano,* 432 F.2d 1119 (7th Cir. 1970), cert. denied, 401 U.S. 967, 91 S.Ct. 990, 28 L.Ed.2d 250 (1971); *Margoles v. United States,* 407 F.2d 727 (7th Cir. 1969). It appears that at this time the Government is correct in arguing that this motion is

premature. The question is addressed more appropriately on voir dire of prospective jurors. *United States v. Dellinger*, 472 F.2d 340, 370–376 (7th Cir. 1972), cert. denied, 410 U.S. 970, 93 S. Ct. 1443, 35 L.Ed.2d 706 (1973); *Silverthorne v. United States*, 400 F.2d 627 (9th Cir. 1968); *United States v. Caesar*, supra, at 335. Should it appear at some later time that such publicity would, in fact, make selection of an impartial jury impossible, the Court stands ready to move the trial to another city in this district in order to insure defendants' constitutional right to a fair trial. For the present time, therefore, this motion must also be denied.

## DUPLICITY

 Defendants have also moved the court to dismiss the indictment for duplicity, that is, the joining in a single count of two or more distinct and separate offenses. Count I of the indictment, alleging the conspiracy, is not duplicitous merely because it describes a conspiracy to commit more than one crime. The conspiracy itself is the crime, not the offenses defendants have allegedly combined to commit. *Braverman v. United States*, 317 U.S. 49, 53–54, 63 S.Ct. 99, 87 L.Ed. 23 (1942). See also *United States v. Battaglia*, 432 F.2d 1115 (7th Cir. 1970). By definition, Counts II and III cannot be duplicitous since they allege a single act violating two different sections of the criminal code and not the joining together in a single count of several alleged offenses. There is, therefore, no infirmity in the indictment for duplicity, and the motion must be denied.

## MULTIPLICITY

 Finally, the defendants here have moved to dismiss the indictment for multiplicity or the charging of the same offense in several different counts of the indictment. Defendants' motion to have the Government elect to choose between Counts II and III of the indictment goes to the same issue. Count II alleges a violation of 18 U.S.C. § 1951, The Hobbs Act, for interference with interstate commerce by threats or violence. Count III charges defendants with a violation of 18 U.S.C. § 894 which outlaws the collection of credit by extortionate means. The Government is correct when it states that "[t]he test to determine whether there are two offenses or only one charged is whether each count requires proof of an additional fact which the other does not." (Government's brief, p. 14.)

Here, Count II requires proof of an intended or actual effect on interstate commerce, not necessary to Count III, and Count III requires proof of an extension of credit collected or attempted to be collected by extortionate means, not necessary to Count II. Therefore, the Court at this time is not prepared to put the Government to its election * for multiplicity in the counts of the indictment. Should it later appear that the two counts are really one offense, steps may then be taken to protect the defendants' rights. This motion, therefore, must be denied.

It is therefore ordered that for the reasons and with the qualifications noted above, the pretrial motions of the defendants must be and hereby are denied.

---

\* Since an allegation of multiplicity actually challenges not the propriety of the prosecution but the imposition of cumulative sentences for a single act, 8 Moore, Federal Practice, ¶ 8.07(1) (2d ed. 1975), election of counts and not a dismissal would be the appropriate remedy here if the circumstances required one. By denying defendants' motion here, the Court is in no way deciding whether all the counts presently charged in the indictment will go to the trier of fact at trial.