**UNITED STATES of America, Plaintiff,**

v.

**John M. VELOZ and Juan A. Morales, Defendants.**

**No. 76–CR–132.**

United States District Court, E. D. Wisconsin.

Oct. 15, 1976.

Charles H. Bohl, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

William M. Coffey, Lynn S. Adelman, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Juan A. Morales has moved for a severance of his trial from that of his co-defendant John Veloz, pursuant to Rule 14, Federal Rules of Criminal Procedure. I believe that this motion should be granted.

The defendants are charged in a three-count indictment with violations of 21 U.S.C. 841(a)(1). The defendant Veloz is charged in counts I, II, and III with possession with intent to distribute and with distribution on three occasions of various quantities of heroin. The defendant Morales is charged only in counts I and III.

The defendant Morales asserts that if he is tried jointly with the defendant Veloz, he will be deprived of the opportunity to call Mr. Veloz as a witness, and the latter's testimony might exculpate Mr. Morales of the crime alleged in count III of the indictment. Mr. Morales' attorney, William Coffey, has submitted an affidavit in support of this motion. The affidavit indicates that Mr. Coffey has received a letter from the defendant Veloz; that Mr. Veloz' statements in that letter show that Juan Morales may not be guilty of the offense charged in count III; that Mr. Veloz is willing to testify in accordance with his letter; and that Mr. Coffey believes that John Veloz will so testify if the two defendants are granted separate trials.

In response the government argues that: (1) since the defendant Morales has failed to state that his co-defendant refuses to testify at a joint trial, severance should not be granted; (2) Mr. Veloz' proposed testimony is not sufficiently exculpatory to mandate severance; (3) in any event, this court should hold an in camera voir dire of Mr. Veloz in order to elicit the substance of his proposed testimony and to ascertain the probability of his testifying at a separate trial of his co-defendant.

Rule 14, Federal Rules of Criminal Procedure, provides in part:

### RELIEF FROM PREJUDICIAL JOINDER

"If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

The granting of a motion for severance is within the discretion of the trial court. *United States v. Echeles,* 352 F.2d 892, 896 (7th Cir. 1965); Wright and Miller, Federal Practice and Procedure, § 223, p. 441. The moving defendant has the burden of showing compelling reasons for the granting of a severance. *United States v. Crouch,* 528 F.2d 625, 631 (7th Cir. 1976). "One of the most, if not the most, compelling factors in favor of granting severance is if the moving party shows prejudice—that is, that he will be unable to obtain a fair trial without severance." *United States v. Crouch,* supra, at p. 631. In ruling on such a motion, the court must weigh the defendant's interest in a separate trial against the interests in expeditious adjudication of criminal cases and in judicial economy. *United States v. Echeles,* supra, at p. 896. The inconvenience to the government in prosecuting separate trials must also be considered, Wright and Miller, Federal Practice and Procedure, § 223, p. 441.

With these standards in mind, I now consider the government's arguments in opposition to this motion.

■ The government argues that Mr. Morales has failed to sustain his burden under Rule 14 because he has not demonstrated that his co-defendant is unwilling to testify on Morales' behalf at a joint trial. The defendant Morales has not specifically asserted whether Mr. Veloz would invoke his fifth amendment right against self-incrimination if a single trial were held. Both practical considerations and the nature of Mr. Veloz' constitutional right against self-incrimination render it impossible for Mr. Morales to be sure whether his co-defendant will or will not testify at a joint trial. Any statement in that regard by Mr. Morales or his attorney would not bind Mr. Veloz in any way.

The government also argues that Mr. Veloz' proposed testimony is not "sufficiently exculpatory" to require severance. According to Mr. Coffey's affidavit, Mr. Veloz' letter states the following with regard to the offense charged in count III of the indictment:

"  .  .  .  I can assure you and testify to the fact that Juan Morales had no knowledge of what was taking place, only that he was there at the wrong time."

And

"  .  .  .  I stated before and do state that I will testify to that effect."

In its brief, the government represents its proof at trial with respect to count III to be as follows:

"  .  .  .  on August 17, 1976, Morales' car was seen parked adjacent to Veloz's car on South 23rd Street and  .  .  .  Morales was then and there observed to converse with Veloz immediately before and after Veloz made arrangements nearby with agents of the D.E.A. to distribute heroin at another location.  .  .  .  [B]oth Morales in his car and Veloz in his car immediately thereafter proceeded to the prearranged location where Veloz was again seen to converse with Morales immediately before heroin was transferred."

The government argues that under *United States v. Brodson,* 390 F.Supp. 774 (E.D. Wis.1975), and *United States v. Buschman,* 386 F.Supp. 822 (E.D.Wis.1975), Mr. Veloz' proposed testimony does not tend to exculpate Mr. Morales in light of the government's proposed proof, that the movant will not be deprived of a fair trial if Mr. Veloz fails to testify on his behalf, and that therefore no severance need be granted. I do not agree.

In the instant case, Mr. Veloz' proposed testimony is more than inconclusive evidence of his co-defendant's guilt. His statements *alone* tend directly to contravene several of the elements of the offense charged in count III. A jury believing *only* Mr. Veloz' proposed testimony could find Mr. Morales innocent of the offense charged in count III.

■ Mr. Veloz' proposed testimony may exculpate or tend to exculpate Mr. Morales of the offense charged in count III. It follows that without an opportunity to elicit this testimony, Mr. Morales will be denied a fair trial. *United States v. Echeles,* supra. The defendant's motion for a severance will therefore be granted.

■ Citing *United States v. Braasch,* 505 F.2d 139 (7th Cir. 1974), the government urges that I conduct an in camera voir dire of Mr. Veloz in order to determine whether he will testify at a separate trial, and if so, what the substance of his testimony will be. In *Braasch* the court employed this technique but did not require that it be used in every case of this kind. On the basis of Mr. Coffey's affidavit, I am satisfied that the defendant has made a sufficient showing to warrant the granting of a severance. I do not believe that it would be fruitful to undertake a detailed pretrial exploration of the nature of Mr. Veloz' possible testimony. I therefore decline to comply with the government's request for an in camera voir dire.

I intend to schedule the trial of the defendant Veloz prior to that of the defendant Morales. See *United States v. Echeles,* supra, at p. 898.

Therefore, IT IS ORDERED that the defendant Juan Morales' motion for a severance of his trial from that of his co-defendant John Veloz be and hereby is granted.

IT IS ALSO ORDERED that the pretrial conference in *United States v. John Veloz,* 76–CR–132, will be held as scheduled on October 19, 1976, at 9:45 A.M., and the pretrial conference in *United States v. Juan Morales,* 76–CR–132, will be held immediately following the *Veloz* conference. However, both defendants and their counsel must be present in the chambers of this court on October 19, 1976, at 9:45 A.M.