**UNITED STATES of America, Plaintiff,**

v.

**Roland C. HANSEN et al., Defendant.**

**No. 76–CR–129.**

United States District Court,
E. D. Wisconsin.

Oct. 28, 1976.

Thomas E. Brown, Thomas E. Martin, Asst. U.S. Attys., Milwaukee, Wis., for plaintiff.

Gerald P. Boyle, Alan D. Eisenberg, Dominic H. Frinzi, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The twenty-five count indictment in this action charges Roland C. Hansen, Steven R. Hansen, Chris Charles Caras, Robert A. Anton, William A. Zoesch, and others, with conspiracy to conduct an enterprise engaged in racketeering activity, in violation of 18 U.S.C. § 1962(d), and with the substantive racketeering offense alleged as the object of the conspiracy charged in count I. Some of the defendants are charged in twenty counts alleging mail fraud, two counts alleging perjury before the grand jury, and one count of obstruction of justice.

The defendant William A. Zoesch filed motions to dismiss the indictment as insufficient, to dismiss the indictment as multiplicious, to compel an election between counts I and II, to sever each count of the indictment, to sever his trial from that of the other defendants, for a bill of particulars, for inspection of the grand jury minutes, and several motions for discovery of various matters. The defendant Roland C. Hansen filed motions to expunge Howard Bloom, an unindicted co-conspirator, from the indictment, to dismiss count I of the indictment, for a bill of particulars, to consolidate the counts set forth in the indictment, to declare the grand jury unconstitutional per se, to suppress tape or telephone recordings, for production of prior criminal records of various individuals, and for severance of his trial from that of the other defendants. The defendant Steven R. Hansen filed a set of motions identical to those filed by Roland C. Hansen. Each of the above motions will be denied.

## MOTIONS OF WILLIAM A. ZOESCH

William A. Zoesch moved to dismiss the indictment as to him for failure "to state sufficient allegations to show probable cause for a violation of 18 U.S.C. 1962(c), 18 U.S.C. 1962(d) and 18 U.S.C. 1341." He argues in his brief that the allegations of the indictment are insufficient "to bring him into a conspiracy." He also contends that "Nowhere do the specifications relate to prior acts on the part of this defendant that would demonstrate any scheme, not to speak of any continuing scheme, to violate the law."

The court of appeals for the seventh circuit has stated in *United States v. Kahn*, 381 F.2d 824, 829 (1967):

"The test for the sufficiency of an indictment is 'whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' "

Mr. Zoesch has not suggested any particular element of any of the offenses charged which is lacking from the indictment, and I am unable to find any. The contentions in his brief regarding conspiracy and continuing scheme to violate the law are clearly inapplicable to the numerous counts charging mail fraud. Count I alleges an agreement to conduct an enterprise engaged in racketeering activity, specifically for the purpose of defrauding insurance companies by use of the mails and committing acts of arson, and it also alleges numerous overt acts in furtherance of the conspiracy. Count II charges the pattern of racketeering activity which comprised the enterprise referred to in count I. The defendant has not suggested what more the indictment should allege, and I am unable to find any merit to his motion. Accordingly, the motion will be denied.

The defendant Zoesch moved to dismiss the indictment "for multiplicity in pleading." His brief contends that "[t]he government should be required to elect from which of the five counts they wish to proceed against Mr. Zoesch as the counts are duplicitous and in being duplicitous become multiple, which renders Mr. Zoesch's defense in a 25 count indictment virtually impossible."

In my opinion, the indictment is not defective because of either "duplicity," the joining in a single count of two or more distinct and separate offenses, or from "multiplicity," the charging of a single offense in several counts. Count I, the conspiracy count, and count II, the substantive racketeering count, are separate and distinct from one another and from the remaining mail fraud counts. While the substantive mail fraud counts are the same as the offenses incorporated in the racketeering charge alleged in count II, a conviction on count II requires proof of additional facts which the mail fraud counts do not—that a pattern of racketeering activity existed and that the defendant was a member of such an enterprise. Therefore, the in-

dictment is not multiplicious. *United States v. White*, 386 F.Supp. 882 (E.D.Wis. 1974). The defendant has not suggested in what manner the indictment might be duplicitous, and I find that it is not duplicitous. Accordingly, the motion will be denied.

■ The defendant's motion to compel an election between counts I and II is based on the argument that "the defendant is charged with essentially the same offense in the Counts and the proof to be offered in support of each Count is the same. No conviction on both Counts could be sustained." The defendant fails to recognize that conspiring to commit a crime is an offense separate and distinct from the crime which may be the object of the conspiracy, and that even if the substantive offense was committed in pursuance of the conspiracy, there is no merger of offenses. *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *Mixen v. United States*, 469 F.2d 203 (8th Cir. 1972), cert. denied 412 U.S. 906, 93 S.Ct. 2297, 36 L.Ed.2d 971 (1973); *United States v. Calabro*, 467 F.2d 973 (2d Cir. 1972), cert. denied 410 U.S. 926, 93 S.Ct. 1357, 35 L.Ed.2d 587 (1973). Accordingly, the motion to compel an election will be denied.

The defendant Zoesch has also moved to sever all counts of the indictment "on the ground that defendant is prejudiced by the joinder of offenses in the Indictment." He contends that severance of the offenses is compelled by jury confusion, an undue limitation of his right to testify in his own behalf, the possibility that a jury would infer a criminal disposition on his part in a trial of all the offenses, and prejudice resulting from the introduction of evidence which would be admissible only as to some of the offenses. The defendant does not contend that joinder is improper under Rule 8(a), Federal Rules of Criminal Procedure; he recognizes that severance under Rule 14 rests with the discretion of the court.

■ The government notes that the separate and distinct offenses alleged arise out of a single transaction, "a conspiracy and a racketeering organization to torch inner city properties and to collect insurance proceeds by use of the mails." Generally, considerations of fairness to defendants and of efficient and orderly law enforcement dictate that offenses arising out of a single transaction be charged and tried together. *Petite v. United States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960); *United States v. Gill*, 490 F.2d 233 (7th Cir. 1973). The defendant Zoesch has provided no support for his suggestions that the jury might be confused by a joint trial of all the offenses and that evidence as to one offense would be improperly used when considering other offenses. The potential problems can be prevented by proper instructions. *United States v. Pacente*, 503 F.2d 543 (7th Cir. 1974); *United States v. Williamson*, 482 F.2d 508 (5th Cir. 1973); *United States v. Papia*, 399 F.Supp. 1381 (E.D.Wis.1975). The defendant's suggestion that a joint trial might unduly limit his right to testify in his own behalf is unsupported by any showing that he has important testimony to give concerning one count and a strong need to refrain from testifying on others. A particularized and convincing showing is required. *Baker v. United States*, 131 U.S. App.D.C. 7, 401 F.2d 958 (1968); *Wangrow v. United States*, 399 F.2d 106 (8th Cir. 1968). For the above reasons, the motion to sever all counts of the indictment will be denied.

■ Mr. Zoesch also moved to sever his trial from that of his co-defendants. He notes that the burden is on the party seeking severance to show that he would be so prejudiced by a joint trial that he would in effect be denied a constitutionally fair trial. *United States v. Tanner*, 471 F.2d 128 (7th Cir. 1972), cert. denied 409 U.S. 949, 93 S.Ct. 269, 34 L.Ed.2d 220 (1972); *United States v. Bornstein*, 447 F.2d 742 (7th Cir. 1971). As sources of prejudice, he suggests jury confusion and a resulting inability to distinguish the evidence and apply the law intelligently as to the charges against each defendant. However, it is presumed that a properly instructed jury will confine itself to matters relevant to each defendant. *Opper v. United States*, 348 U.S. 84, 75 S.Ct.

158, 99 L.Ed. 101 (1954); *United States v. Buschman*, 386 F.Supp. 822 (E.D.Wis.1975). Moreover, severance is not justified simply because a defendant played a minor role in a larger conspiracy. *United States v. Tanner*, 471 F.2d 128, 138 (7th Cir. 1972); *Gorin v. United States*, 313 F.2d 641 (1st Cir. 1963), cert. denied 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052. Mr. Zoesch suggests that severance should be granted because he would have unspecified defenses which would be antagonistic to the defenses of the other defendants and that he "may desire the testimony of a co-defendant which would be unavailable at a joint trial but would more likely be available if the defendant were severed and tried later." Such unsupported generalized statements are insufficient to meet the defendant's burden in seeking severance. As the court of appeals for the seventh circuit pointed out in *United States v. Isaacs*, 493 F.2d 1124, 1160 (1974), granting severance on the basis of such statements "would destroy the use of joint trials." Finally, Mr. Zoesch suggests that his right to a speedy trial may in some unspecified manner be lost if his trial is joined with that of the other defendants. Such speculation is insufficient to warrant severance. For all of the above reasons, the motion to sever the defendants will be denied.

■ The defendant Zoesch moved for a detailed bill of particulars to aid him in preparing his defense. For the most part, the motion seeks evidentiary details not discoverable by such means. See *United States v. Balistrieri*, 346 F.Supp. 336 (E.D. Wis.1972); *United States v. Machi*, 324 F.Supp. 153 (E.D.Wis.1971). Moreover, since the government is adhering to its open file policy in this action, the motion should not be granted, as inspection of the government's investigative file will disclose all the facts sought in the motion. See *United States v. Quinn*, 365 F.2d 256, 267 (7th Cir. 1966); *United States v. White*, 386 F.Supp. 882 (E.D.Wis.1974). Accordingly, the motion for a bill of particulars will be denied.

■ The same defendant filed motions for discovery and inspection of documents, for discovery of prior criminal records, for exculpatory evidence, for discovery and inspection of tests, and to require inquiry as to electronic or mechanical surveillance. In view of the government's open file policy and the prosecutor's statement that an appropriate affidavit regarding electronic surveillance will be prepared and filed following a proper inquiry, these discovery motions are moot and will be denied.

■ Mr. Zoesch also filed a motion for inspection of grand jury minutes upon the grounds that matters occurred before said grand jury which "may constitute grounds for a motion to dismiss the Indictment." In his brief, the defendant urges that the minutes of his own testimony be produced, since he was without counsel at the time of his testimony. Since the government has agreed to produce those minutes, pursuant to Rule 16(a), Federal Rules of Criminal Procedure, the motion need not be granted. As to other minutes, the defendant notes that the rule in this district is for the government to furnish minutes relating to the testimony of its witnesses 24 hours before trial, but he requests that the government be ordered to furnish them earlier. The defendant has not suggested any reasons for modifying the rule of *United States v. Alby*, 349 F.Supp. 331 (E.D.Wis. 1972), and *United States v. Cullen*, 305 F.Supp. 695 (E.D.Wis.1969), other than counsel's assertion that after reviewing all the investigative materials in this case, that there exists an unspecified "particularized need to further determine what the basis is upon which this case is to proceed to trial." Such a vague and unsupported statement is insufficient to justify the granting of the defendant's motion, and the motion will be denied.

■ At the conclusion of his brief, the same defendant suggests that counts X, XI and XII, the mail fraud counts in which he is charged, should be dismissed as infringing on his fifth amendment rights. This suggestion is meritless. First, the fifth amendment cannot be asserted retro-

actively, as the defendant seeks to do here. *Pauldino v. United States*, 500 F.2d 1369 (10th Cir. 1974). Second, the defendant here was under no compulsion or requirement to submit a proof of loss form to the insurance company, the act which is involved in these counts. Finally, submission of a proof of loss form to an insurance company is a non-testimonial action beyond the scope of the fifth amendment as defined by the Supreme Court. See *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). Accordingly, the defendant's suggestion that counts X, XI and XII be dismissed will be denied.

## MOTIONS OF ROLAND C. HANSEN and STEVEN R. HANSEN

The motions and briefs filed by Steven R. Hansen are identical to those filed by Roland C. Hansen, except for the substitution of the defendants' names. The submissions filed on behalf of Steven R. Hansen therefore include some incorrect descriptions of the charges and allegations involving Steven R. Hansen, since the indictment alleges different acts on the part of each of the defendants. Nonetheless, these two sets of motions will be treated together in this opinion, since they raise identical issues.

■ The Hansen defendants filed motions to expunge the unindicted co-conspirator, Howard Bloom, from the indictment. They rely upon *United States v. Briggs*, 514 F.2d 794 (5th Cir. 1975), in which it was held that a federal grand jury is without authority to name unindicted co-conspirators in an indictment, that being named as an unindicted co-conspirator is subject to challenge on due process grounds, and that those so named have standing to raise the challenge. Here the government notes that Howard Bloom has been granted immunity from prosecution and is expected to testify at the trial, that there has been no claim here that the government has misused the grand jury to chill first amendment rights, and that the named defendants are without standing to raise this challenge on Howard Bloom's behalf. Under these circumstances, I believe that the defendants' motions should be denied.

These defendants filed motions to dismiss count I of the indictment or, in the alternative, for inspection of all grand jury minutes. For the reasons set forth above with respect to the defendant Zoesch's first motion to dismiss the indictment, these defendants' motions to dismiss count I will be denied. Their alternative motions for inspection of grand jury minutes will be denied for the reasons set forth above with respect to the similar motion of Mr. Zoesch.

■ These defendants' motions to consolidate fourteen of the counts of the indictment, or to sever those counts from one another, will be denied for the reasons set forth above with respect to the other moving defendant's motions to dismiss for multiplicity in pleading and to sever all counts of the indictment. In connection with these motions, the defendants have requested that several of the overt acts alleged in the indictment be stricken as superfluous. The government acknowledges that two overt acts listed in count II are alleged twice, and those repetitive allegations will be stricken, pursuant to Rule 7(d), Federal Rules of Criminal Procedure.

The motions of the Hansen defendants for severance from each of the other defendants, for a bill of particulars, and for production of prior criminal records are substantially identical to similar motions of the defendant Zoesch and will be denied for the reasons set forth above with respect to those motions.

■ These defendants filed motions to declare the grand jury unconstitutional per se, supported by briefs which describe the grand jury system as a rubber stamp, subject to abuse, and as "an abomination which has outlived its usefulness, serves no purpose, and has today become foreign to our ideas of justice." The defendants have not suggested in what manner their rights have been abridged by the grand jury proceedings which resulted in the instant indictment, and their generalized attack on the grand jury as an institution is absolutely

without merit in view of the explicit requirement of the fifth amendment that:

> "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."

Accordingly, the motions to declare the grand jury unconstitutional per se will be denied.

 The defendants Roland C. Hansen and Steven R. Hansen also moved to suppress tape or telephone recordings or, in the alternative, to allow tape recordings of any of the defendants' conversations to be used for corroboration purposes only. In their briefs, the defendants speculate that the government may attempt to introduce tape recorded evidence obtained in violation of their constitutional rights. In the event that such evidence was obtained through the consent of one party to the conversations involved, the defendants urge that the evidence be admitted only to corroborate the informer's testimony, to insure an adequate foundation of authenticity and accuracy. The government has responded that the only tape recorded evidence which it intends to offer into evidence was obtained through the consent of one party to the conversations involved and that it will lay a foundation of authenticity and accuracy of the recordings sufficient to satisfy the objections raised by the defendants prior to moving the admission of the recordings into evidence. In these circumstances, the motions to suppress or to limit the use of recordings will be denied at this time, without prejudice.

Therefore, IT IS ORDERED that the motions of the defendant William A. Zoesch to dismiss the indictment as insufficient, to dismiss the indictment as multiplicious, to compel an election between counts I and II, to sever each count of the indictment, to sever his trial from that of the other defendants, for a bill of particulars, for inspection of the grand jury minutes, for discovery and inspection of documents, for discovery of prior criminal records, for exculpatory evidence, for discovery and inspection of tests, and to require inquiry as to electronic or mechanical surveillance be and hereby are denied.

IT IS ALSO ORDERED that the defendant Zoesch's motion to dismiss counts X, XI, and XII, raised in his brief, be and hereby is denied.

IT IS FURTHER ORDERED that the motions of the defendants Roland C. Hansen and Steven R. Hansen to expunge an unindicted co-conspirator from the indictment, to dismiss count I of the indictment, to consolidate the counts set forth in the indictment, to declare the grand jury unconstitutional per se, for a bill of particulars, for production of prior criminal records, and for severance of their trials from that of the other defendants be and hereby are denied.

IT IS FURTHER ORDERED that the motions of the defendants Roland C. Hansen and Steven R. Hansen to suppress tape or telephone recordings be and hereby are denied, without prejudice.

IT IS FURTHER ORDERED that subparagraphs (27) and (28) of paragraph 6 of count II be and hereby are stricken from the indictment in this action.